COLUMBUS BAR ASSOCIATION *v.* ELLIS.

[Cite as *Columbus Bar Assn. v. Ellis,* 120
Ohio St.3d 89, 2008-Ohio-5278.]

(No. 2008–0843—Submitted June 24, 2008—Decided October 16, 2008.)

**Per Curiam.**

{¶ 1} Respondent, Madry Leonard Ellis of Columbus, Ohio, Attorney Registration No. 0067703, was admitted to the Ohio bar in 1997. In June 2007, relator, Columbus Bar Association, filed a 19–count complaint against respondent with the Board of Commissioners on Grievances and Discipline, alleging numerous disciplinary rule violations. Respondent answered.

{¶ 2} Shortly thereafter, relator and respondent entered into stipulations, agreeing to all of the facts contained in the complaint. They further stipulated to the aggravating and mitigating factors in the case and filed a joint recommendation of a sanction. The recommended discipline was for a two-year suspension of respondent's law license, followed by a two-year probationary period with conditions. A panel of the board held a hearing on the complaint and considered the stipulations of facts, violations, and proposed sanctions. It recommended their adoption by the board. The board approved the panel's recommendation. Upon review, we adopt the board's findings of misconduct and recommended sanction.

{¶ 3} The misconduct at issue involves similar patterns of deceit, neglect, and noncommunication with regard to 18 criminal defendants, including incarcerated clients who had been seeking various forms of relief. Between 2003 and 2006, respondent accepted funds to represent each of these individuals, in amounts ranging from $750 (Count 10) to $10,000 (Count 16). In nine instances, respondent either did not initiate or did not complete the tasks for which he had been retained. (Counts 1–3, 6, 8, 11–13, 16.) On two of those occasions, respondent misrepresented to his client and/or his client's family that he had filed the necessary paperwork when in fact he had not. (Counts 6, 13.)

{¶ 4} Common to all counts is deceit followed by a lack of satisfactory communication between respondent and his client and/or his client's family. On five occasions, respondent accepted an initial fee and had no further contact with the client and/or the client's family. (Counts 1, 2, 4, 8, 13.) Respondent's

communication with eight other clients was either so infrequent or so untimely that respondent was forced to concede its inadequacy. (Counts 3, 5, 6, 7, 9, 11, 12, 17.) Compounding the negative effects of this behavior were respondent's repeated refusals to answer verbal and written requests for information and case status from his clients and/or their families. (Counts 1, 3, 6, 8–11, 13, 15, 16, 18.) Respondent similarly failed to respond to many of relator's letters during the course of the latter's investigation.

{¶ 5} At his hearing before the board, respondent testified that during the period in question, his office was a one-man enterprise. Respondent alone answered the phone and wrote letters, in addition to doing all his own research, writing, and typing. Respondent indicated that after several notable successes in his criminal practice during 2002 and 2003, requests for representation increased considerably. Respondent's case load rose each year between 2003 and 2006, to the point where he was devoting nearly all of his time to trying cases and paying "hardly any attention" to the postconviction work. Respondent became overwhelmed and, in his own words, "shut down." Eventually, he just stopped going to the office. Respondent stipulated that his acts violated the rules governing the practice of law.

{¶ 6} Because of the number of clients involved, the violations are many. In 14 counts, the board found a violation of DR 1–102(A)(6) (engaging in conduct adversely reflecting on the fitness to practice law). At least a dozen violations were found of four other rules: DR 6–101(A)(3) (neglecting an entrusted legal matter), 7–101(A)(1) (failing to seek lawful objectives of the client), DR 9–102(B)(4) (failing to properly pay or deliver funds or property to which the client is entitled), and Gov.Bar R. V4(G) (failure to cooperate in a disciplinary investigation).

{¶ 7} Respondent was found to have 13 violations of DR 1–104(A) (failure to notify clients of lack of malpractice insurance), two of DR 1–102(A)(4) (engaging in conduct involving deceit), and three of DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice).

{¶ 8} The parties stipulated to the aggravating and mitigating factors in this case after considering the criteria in Section 10(B) of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). Five aggravating factors were cited: (1) multiple offenses, BCGD Proc.Reg. 10(B)(1)(d); (2) a pattern of misconduct, BCGD Proc.Reg. 10(B)(1)(c); (3) selfish motive, BCGD Proc.Reg. 10(B)(1)(b); (4) vulnerability of and resulting harm to his clients, BCGD Proc.Reg. 10(B)(1)(h); and (5) failure to make restitution to all but two of his clients as of the date of the hearing, BCGD Proc.Reg. 10(B)(1)(i).

{¶ 9} In mitigation, evidence established that respondent had suffered and continues to suffer from depression, for which he is now being treated. Respondent has since signed a contract with the Ohio Lawyers Assistance Program ("OLAP") and is currently in compliance with that contract and its conditions. BCGD Proc.Reg. 10(B)(2)(g). The board also noted that respondent had no prior disciplinary record. BCGD Proc.Reg. 10(B)(2)(a).

{¶ 10} Relator and respondent jointly recommended that respondent be suspended from the practice of law in Ohio for two years. They also jointly agreed that reinstatement be contingent upon his meeting the following conditions: (1) provision of medical evidence that respondent can ethically and competently practice law, (2) continued maintenance of respondent's contract with OLAP, and (3) a two-year probation period under the supervision of a monitor appointed by the relator.

{¶ 11} It was also jointly agreed that reinstatement would be contingent upon full restitution to the victims. Respondent and relator stipulated that restitution is owed to the following individuals in the following amounts: (1) Michael Caldwell, $1,500; (2) Eddie Jones, $1,000; (3) Shirley Berenyi, $6,000; (4) Carlos Daniels, $1,500; (5) Sharon Dorsey, $750; (6) Beverly Dudley, $2,500; (7) Vanessa and Steven Reed, $1,900; (8) Cleave Drake, $2,000; (9) Ann Myers, $1,500; (10) Edna Eubank, $7,000; (11) Jeffrey and Connie Ladesic, $10,000; and (12) Sandra Koshover, $3,500.

{¶ 12} We adopt the board's findings of fact, conclusions of law, and recommended sanction and find that the sanction corresponds to a similar sanction that we issued in *Disciplinary Counsel v. Bowman,* 110 Ohio St.3d 480, 2006-Ohio-4333, 854 N.E.2d 480. The respondent in that case was charged with three counts of misconduct stemming from neglect and deceit, and just as the respondent here, had no prior disciplinary record and suffered from a depressive condition for which he was being treated. We issued a two-year suspension conditioned on respondent's continued cooperation with OLAP and proof of fitness to practice law prior to reinstatement.

{¶ 13} Respondent is accordingly suspended from the practice of law in Ohio for two years. Reinstatement will be contingent upon his meeting the conditions agreed to by the parties. With regard to reinstatement, we add the requirement that restitution is to be paid in full within one year from the date of respondent's suspension, with interest at the statutory rate from the date of suspension. Costs are taxed to the respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

Samuel B. Weiner, Jason M. Dolin, Bruce A. Campbell, and A. Alysha Clous, for relator.

Alvin E. Mathews, for respondent.