**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Thomas Ray ALLEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 11, 2012.

Filed July 12, 2012.

Matthew P. Gieg, Altoona, for appellant.

Gregory J. Simatic, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: SHOGAN, J., LAZARUS, J., and PLATT, J.*

OPINION BY PLATT, J.

Appellant, Thomas Ray Allen, appeals *nunc pro tunc* from the order denying his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. Specifically, Appellant argues that he was denied effective assistance of trial counsel *per se* for counsel's failure to adhere to the technical requirements for admission *pro hac vice* and due to counsel's suspension from the practice of law after he completed his representation of Appellant. We affirm.

The relevant facts follow: On May 2, 2007, trial counsel filed a notice of appear-

ance and a motion for *pro hac vice* admission on his own behalf, which the court granted. At that time, and throughout his representation of Appellant, counsel was properly licensed in Ohio. In June, 2007, the Columbus Bar Association filed a complaint against trial counsel "alleging numerous disciplinary rule violations." (PCRA Court Opinion, 1/14/11, at 10 (quoting *Columbus Bar Ass'n v. Ellis*, 120 Ohio St.3d 89, 896 N.E.2d 703, 704 (2008))). Trial counsel did not disclose the allegations to either the trial court or Appellant at any time.

On June 8, 2007, a jury convicted Appellant of three counts of possession with intent to deliver, one count of criminal conspiracy, two counts of use of a communication facility,[1] and one count of dealing in proceeds of unlawful activity. On August 17, 2007, the court sentenced Appellant to an aggregate term of incarceration of no less than nineteen nor more than thirty-eight years' incarceration in a state correctional institution, plus fines.

On September 11, 2007,[2] Appellant filed a *pro se* notice of appeal, and a motion to dismiss counsel and to proceed *in forma pauperis*. Trial counsel also filed a timely notice of appeal and a motion to withdraw on September 17, 2007. On September 24, 2007, the court granted trial counsel's motion to withdraw and Appellant's *pro se* motion to proceed *in forma pauperis*. By the same order, the court appointed the Blair County Public Defend-

---

* Retired Senior Judge assigned to the Superior Court.

1. At the time of sentencing, the parties stipulated that the prosecution for criminal use of a communication facility was time-barred, and therefore the court did not sentence Appellant on those convictions. (*See* Order, 8/21/07, at 8).

2. Appellant's requests for relief were time-stamped on September 18, 2011, but, under

the Prisoner Mailbox Rule, they are to be considered filed as of the date that he handed them to prison officials for mailing. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1241 n. 2 (Pa.Super.2011), *appeal denied*, 30 A.3d 487 (Pa.2011) (holding that incarcerated petitioner's *pro se* PCRA petition deemed filed as of date handed to prison officials pursuant to Prisoner Mailbox Rule).

er's Office as direct appeal counsel, and ordered it to file a Rule 1925(b) statement. On September 27, 2007, in response to correspondence received from the Public Defender's Office, the court vacated its September 24th order. (Order, 9/27/07). The September 27th order granted Appellant's request to proceed *in forma pauperis* and directed trial counsel to "remain as counsel of record[,] perfect the direct appeal filed on behalf of [Appellant, and] file a Statement of Matters Complain[ed] of on Appeal." (*Id.*). On November 21, 2007, after counsel failed to file a Rule 1925(b) statement within the requisite time frame, the court appointed new direct appeal counsel and reinstated Appellant's direct appeal rights.

On October 16, 2008, the Ohio Supreme Court temporarily suspended trial counsel from the practice of law and, upon joint recommendation of the parties, ordered that "reinstatement be contingent upon his . . . provision of medical evidence that [he] can ethically and competently practice law." *Ellis, supra* at 705.

On May 4, 2009, this Court affirmed Appellant's judgment of sentence. (*See Commonwealth v. Allen*, 976 A.2d 1197 (Pa.Super.2009) (unpublished memorandum)). Our Supreme Court denied Appellant's petition for allowance of appeal on February 23, 2010. (*See Commonwealth v. Allen*, 605 Pa. 678, 989 A.2d 914 (2010)).

Appellant filed a *pro se* first PCRA petition on March 25, 2010 [3] and the court appointed counsel. On January 14, 2011,

after a hearing, the court denied Appellant's petition. On January 3, 2012, the court reinstated Appellant's right to appeal the court's January 14, 2011 order *nunc pro tunc*. Appellant filed the instant timely appeal.[4]

Appellant raises one issue for our review:

> I. Whether [Appellant] was *per se* prejudiced by his trial counsel's failure to comply with Pennsylvania *pro hac vice* bar admission procedures; and trial counsel's failure to disclose to [Appellant] and/or the trial court that a 19–count ethics compliant had been filed against trial counsel by the Supreme Court of Ohio, which eventuated in trial counsel's suspension from the practice of law?

(Appellant's Brief, at 4).

Our standard of review of an appeal from a denial of a PCRA petition is well-settled.

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Taylor*, 933 A.2d 1035, 1040 (Pa.Super.2007), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008) (citations omitted).

Generally, this Court follows the *Pierce*[5] test adopted by our Supreme Court to

---

3. Appellant had filed a *pro se* PCRA petition on January 27, 2010 that the court declined to consider because of the pending direct appeal. Therefore, it appears that the court treated the March 25, 2010 petition as Appellant's first.

The March 25, 2010 *pro se* petition is not listed on the trial court's docket, but the date-stamped petition is part of the certified record.

4. Appellant filed a timely Rule 1925(b) statement on February 2, 2012. The court filed its Rule 1925(a) opinion on February 6, 2012, in which it relied upon its January 14, 2011 opinion regarding the issue currently on appeal.

5. *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

review an appellant's claim of ineffective assistance of counsel:

> [T]he petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner—*i.e.*, that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We presume that counsel is effective, and it is the burden of Appellant to show otherwise.

*Commonwealth v. duPont*, 860 A.2d 525, 531 (Pa.Super.2004), appeal denied, 585 Pa. 695, 889 A.2d 87 (2005), *cert. denied sub nom. duPont v. Pennsylvania*, 547 U.S. 1129, 126 S.Ct. 2029, 164 L.Ed.2d 782 (2006) (case citations omitted).

■ However, in some cases, the petitioner need not establish actual prejudice because there are situations "that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *U.S. v. Cronic*, 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984) (footnote omitted).

> [W]here there has been a complete denial of counsel or where the circumstances are such that any competent attorney would be unable to provide effective assistance, a defendant need not demonstrate that he was prejudiced by counsel's actions. The presumed prejudice exception to *Strickland* [6] has been found to apply where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest.

*Commonwealth v. Reaves*, 592 Pa. 134, 923 A.2d 1119, 1128 (2007) (citing *Cronic, supra* at 659–62, 104 S.Ct. 2039) (citations omitted).

Here, Appellant argues that:

> trial counsel's failure to comply with the "technical" requirement of Rule 301 of the Pennsylvania Bar Admission Rules[7] ..., combined with trial counsel's subsequent failure to notify the [trial court] of the complaint [filed against him in Ohio], as well as trial counsel's subsequent suspension from the practice of law for actions which pre-dated his representation of Appellant, removes the instant matter from the "technical/substantive" paradigm described in *Grant* [8].

(Appellant's Brief, at 11–12 (emphasis omitted)).

■ Preliminarily, we note that, although Appellant provides boilerplate law regarding ineffectiveness of counsel and the presumption of prejudice, he fails to provide any pertinent cases in which a Pennsylvania Court applied these general legal principles to facts similar to those presented herein and found that counsel had been ineffective *per se*.[9] (*See* Appel-

---

**6.** *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**7.** Rule 301 of the Pennsylvania Bar Admission Rules provides that an attorney who is admitted to practice law in Pennsylvania shall move for an out of state attorney's admission *pro hac vice. See* Pa.B.A.R. 301.

**8.** *Commonwealth v. Grant*, 992 A.2d 152 (Pa.Super.2010).

**9.** In fact, even in the cases on which Appellant relies for boilerplate legal principles, either the Court declined to find prejudice *per se* or the facts are distinguishable from those in the case *sub judice.* (*See* Appellant's Brief, at 9–10); *see also, e.g., Cronic, supra* at 666, 104 S.Ct. 2039 (concluding that counsel's inexperience and lack of preparation time in serious, complex criminal case where witnesses were unavailable to testify on defendant's behalf did not provide basis for finding ineffective assistance of counsel in the ab-

lant's Brief, at 9–15). However, although Appellant's issue could be waived on that basis, we decline to do so, and conclude that Appellant's claim lacks merit. *See* Pa.R.A.P. 2101; 2119(a)-(c).

Courts have consistently distinguished between technical licensing defects and serious violations of bar regulations reflecting an incompetence to practice law. Where the attorney's license has been suspended or his/her credentials to practice have otherwise been impaired as a result of mere technical defects, the constitutional right to counsel is not violated and prejudice is not presumed. Where the attorney's license has been suspended or he/she has been disbarred for substantive violations, constitutional rights are violated and harm is presumed.

*Grant, supra* at 159 (citations omitted).

█ Our review of the caselaw reveals no pertinent controlling authority in Pennsylvania; however, we observe that courts consistently have concluded that neither a counsel's suspension nor his violation of *pro hac vice* admission rules requires a *per se* finding of ineffectiveness, and therefore, a petitioner still must show actual prejudice.[10] *See, e.g., Young v. Runnels,* 435 F.3d 1038, 1043 (9th Cir.2006), *cert. denied,* 549 U.S. 1033, 127 S.Ct. 579, 166 L.Ed.2d 433 (2006) (state bar court's subsequent finding of unfitness did not render counsel's earlier assistance in defendant's case *per se* ineffective); *Vance v. Lehman,*

64 F.3d 119, 122–23 (3d Cir.1995), *cert. denied sub nom Vance v. Horn,* 516 U.S. 1060, 116 S.Ct. 736, 133 L.Ed.2d 686 (1996) (counsel's disbarment after trial due to prior professional misconduct not *per se* denial of effective assistance); *U.S. v. Hoffman,* 733 F.2d 596, 599–601 (9th Cir. 1984), *cert. denied,* 469 U.S. 1039, 105 S.Ct. 521, 83 L.Ed.2d 409 (1984) (rejecting *per se* rule of ineffectiveness where Florida attorney was disbarred in his home state while in trial in Arizona and his Arizona license was suspended automatically as a result of the Florida discipline; petitioner still required to identify actual and prejudicial errors by counsel); *People v. Kieser,* 79 N.Y.2d 936, 582 N.Y.S.2d 988, 591 N.E.2d 1174, 1175 (1992) (finding that New Jersey attorney's temporary suspension and her failure to be admitted *pro hac vice* in New York were insufficient to support per se ineffectiveness of counsel claim); *see also Commonwealth v. Bretz,* 830 A.2d 1273, 1278 (Pa.Super.2003) (concluding that counsel not per se ineffective where he was on inactive status at time he represented defendant as a result of nonpayment of dues).

Instead, courts have held that a *per se* rule of ineffectiveness is warranted only where counsel is not admitted to practice in **any** jurisdiction. *See, e.g., U.S. v. Mitchell,* 216 F.3d 1126, 1132 (D.C.Cir. 2000) ("We decline appellant's invitation to extend the *per se* ineffectiveness rule be-

---

sence of showing of actual ineffectiveness); *Reaves, supra* at 1129 (declining to presume prejudice where defendant's trial counsel failed to preserve certain issues for appellate review and that, therefore, petitioner was required to prove actual prejudice); *Grant, supra* at 160–61 (presuming prejudice where trial attorney had been suspended from the practice of law for three years **at the time he represented the defendant,** and had not taken a mandated continuing legal education course for five years).

10. Although "this Court is not bound by the decisions of federal courts, other than the United States Supreme Court, or the decisions of other states' courts ... we may use them for guidance to the degree we find them useful and not incompatible with Pennsylvania law." *Eckman v. Erie Ins. Exchange,* 21 A.3d 1203, 1207 (Pa.Super.2011) (citations omitted).

yond those cases in which a defendant is represented by a person never properly admitted to any bar.") (emphasis added); *Cole v. U.S.*, 162 F.3d 957, 958 (7th Cir. 1998) ("Only where the attorney had never been admitted to practice before any court at all, and thus should be considered a non-lawyer, have courts found *per se* violations of the right to counsel.") (citation omitted and emphasis added).

Here, it is undisputed that counsel violated the *pro hac vice* rules by filing the motion for admission on his own behalf. (*See* Appellant's Brief, at 8; Commonwealth's Brief, at 4). It also is undisputed that trial counsel was licensed to practice law in Ohio the entire time he represented Appellant. (*See* PCRA Ct. Op., 1/14/11, at 12; Appellant's Brief, at 11; Commonwealth's Brief, at 2). Additionally, although trial counsel was temporarily suspended from practicing law in Ohio, the suspension occurred long after the representation in Pennsylvania ended, and for actions that occurred unrelated to Appellant, prior to counsel's representation of him. (*See* PCRA Ct. Op., 1/14/11, at 10). Based on the foregoing facts, we conclude that a finding of prejudice *per se* is not warranted here and actual prejudice must be proven for a finding of ineffective assistance of counsel. *See Kieser, supra* at 1175; *Cole, supra* at 958; *Hoffman, supra* at 599–601; *Young, supra* at 1043; *Vance, supra* at 122–23.

 Appellant does not argue that he was actually prejudiced by either counsel's technical violation of the *pro hac vice* admission requirements or his subsequent suspension from the Ohio Bar.[11] (*See* Appellant's Brief, at 9–15). Therefore, Appellant has failed to meet his burden of

proving the prejudice prong required for a finding of ineffective assistance of counsel. *See Commonwealth v. Fitzgerald,* 979 A.2d 908, 911 (Pa.Super.2009), *appeal denied,* 605 Pa. 694, 990 A.2d 727 (2010) ("If an appellant fails to prove by a preponderance of the evidence any of the *Pierce* prongs, the Court need not address the remaining prongs of the test.") (citation omitted); *see also duPont, supra* at 531. Hence, we conclude that Appellant's claim is without merit and that the PCRA court did not err in denying his petition. *See Taylor, supra* at 1040.

Order affirmed.

---

11. In his Rule 1925(b) statement, Appellant raised claims of ineffective assistance of trial counsel, as well as direct appeal counsel. However, he has abandoned these claims on appeal. In any event, the PCRA court determined that all of these claims were without merit. (*See* PCRA Ct. Op., at 6–10).