J-S24034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH JUDE CASINO, | : | |
| | : | |
| Appellant | : | No. 3007 EDA 2014 |

Appeal from the Judgment of Sentence entered on September 10, 2014
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s):  CP-46-CR-0004985-2013;
CP-46-CR-0006154-1991; CP-46-CR-0013261-2001

BEFORE:  GANTMAN, P.J., ALLEN and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED APRIL 29, 2015**

Joseph Jude Casino ("Casino"), *pro se*, appeals from the judgment of sentence entered following his conviction of burglary, possessing instruments of crime and resisting arrest.[1]  We reverse the Order denying post-sentence Motions and remand with instructions.

Following a bench trial, the trial court convicted Casino of the above-described charges.  On September 14, 2014, the trial court sentenced Casino, who was represented by counsel, to an aggregate prison term of six to twelve years, followed by five years of probation.  Still represented by

---

[1] 18 Pa.C.S.A. §§ 3502(a)(1), 907(a), 5104.

counsel, on September 16, 2014,[2] Casino filed, *pro se*, a "Motion to Modify Sentence," "Post[-]Sentence Motion," and a "Statement of Matters Complained of on Appeal" (collectively, "Post-Sentence Motions"). In these filings, Casino asserted that he was "*pro se*, represented by Benjamin Cooper, Esquire" ("Attorney Cooper").[3] The Motion to Modify Sentence was filed and time-stamped. The Clerk of Courts further notified the trial court that "PURSUANT TO RULE Pa.R.Crim.P. 576[,] THE ATTACHED DOCUMENT HAS BEEN TIME STAMPED AND DOCKETED AS A *PRO SE* FILING." There is no docket entry or notation reflecting that the Clerk of Courts forwarded the document to Attorney Cooper. Additionally, in *pro se* correspondence to the trial court, dated October 5, 2014, Casino again referred to Attorney Cooper as his lawyer.

On October 23, 2014, the trial court entered an Order stating that "upon consideration of the above *pro se* filing, it is hereby **ORDERED AND DECREED** as follows: … Relief requested is DENIED." Trial Court Order, 10/23/14, at 1. A copy of the Order was docketed and mailed to Casino, but not to Attorney Cooper. ***See id.***

---

[2] The envelope bore a postage meter mark with the date of September 16, 2014. Under the Prisoner Mailbox Rule, they are to be considered filed as of the date that that the prisoner handed them to prison officials for mailing. ***Commonwealth v. Allen***, 48 A.3d 1283, 1285 n.2 (Pa. Super. 2012).

[3] Attorney Cooper represented Casino at trial and sentencing. At the time Casino filed his post-sentence Motions, Attorney Cooper had not withdrawn his appearance.

- 2 -

Subsequently, Casino mailed a *pro se* Notice of Appeal to the Clerk of Courts for Montgomery County. The envelope containing the Notice had a postage meter mark of October 22, 2014. The Notice indicated that a copy was sent "BC." On December 19, 2014, the trial court conducted a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), after which the trial court found that Casino had made a knowing, voluntary and intelligent decision to waive representation during his direct appeal. Trial Court Opinion, 1/15/15, at 3.

In this appeal, Casino presents 15 claims for our review. However, we first must determine whether this Court has jurisdiction to entertain Casino's appeal. In its Opinion, the trial court deemed Casino's appeal untimely filed. ***Id.*** at 5. The trial court reasoned that "[w]hen, as here, no legally effective post-sentence motion was filed, the notice of appeal was required to have been filed within 30 days after entry of the imposition of sentence." ***Id.*** at 5-6 (citation omitted). However, under the procedural posture of this case, we conclude that the trial court erred when it denied Casino's Post-Sentence Motions as legal "nullities."

This Court has held that a defendant's *pro se* filings, while represented by counsel, are legal nullities. ***Commonwealth v. Nichan***, 928 A.2d 349, 355 (Pa. Super. 2007). However, the Rules of Criminal Procedure provide that,

> [i]n any case in which a defendant is represented by an attorney, if the defendant submits for filing a written motion,

- 3 -

notice, or document that has not been signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file. ***A copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth within 10 days of receipt***.

Pa.R.Crim.P. 576(A)(4) (emphasis added).

In ***Commonwealth v. Cooper***, 27 A.3d 994, 1008 (Pa. 2011), our Supreme Court addressed the complications caused by *pro se* filings that are not forwarded to counsel. In ***Cooper***, a counseled defendant

> was sentenced on Thursday, March 27, 2008, and filed his *pro se* appeal on Monday, March 31, 2008. The clerk of courts accepted the notice of appeal for filing, and made an entry in the trial court docket. The proof of service reflects that [the defendant's] counsel was not served with the *pro se* filing, although [the defendant] served the Commonwealth by first class mail. To make matters worse, the clerk of courts apparently did not comply with Criminal Rule 576(A)(4), which requires a copy of a *pro se* filing, made by a counseled defendant, to be forwarded to the attorneys in the case. The matter was further complicated when the trial judge served his 1925(b) order on [the defendant] and the Commonwealth, but not on appellee's counsel.[FN]

---

[FN] The Comment to Criminal Rule 576(A)(4) indicates that "the requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response." The dissent relies on this disclaimer regarding the legal import of the *pro se* filing as further support for viewing it as a nullity, **but, in this case, the clerk's failure to comply with the Rule's mandate that the *pro se* filing be forwarded to counsel undermines that position.** The dissent perceives our view of the Rule's requirement as overburdening the trial court with a duty to "scrutinize such filings for after-the-fact significance," Dissenting Slip Op. at 6,

- 4 -

but it provides instead a minimally burdensome safeguard to prevent the very confusion that arose here in its breach.

*Id.* at 1005-06 (one footnote omitted, emphasis added) . In **Cooper**, the Supreme Court observed that the failure to notify counsel of a *pro se* filing was significant:

These procedural missteps respecting notice to counsel are unexplained: counsel never sought to withdraw his appearance, abandoned appellee, or refused to pursue post-sentence motions or an appeal on appellee's behalf. In fact, counsel filed a timely post-sentence motion on April 7, 2008, and averred it was filed "as per the client's request." And, upon denial of the post-sentence motion on April 10, 2008 - the "triggering event" for the thirty day appeal period under Criminal Rule 720 - counsel filed a timely notice of appeal.

If the clerk of courts had properly notified counsel about the *pro se* notice of appeal, in accordance with Criminal Rule 576(A)(4), counsel could have taken action within the thirty day appeal period to eliminate the complication caused by the *pro se* appeal, such as withdrawing it.

*Id.* at 1006. The Supreme Court ultimately concluded that the *pro se* notice of appeal, filed by the defendant, was premature, and not a nullity. *Id.* at 1007. The Supreme Court reasoned that the *pro se* notice of appeal "was perfected upon the trial court's proper consideration and denial of the counseled post-sentence motions." *Id.*

The procedural posture of the instant case is complicated by Casino's numerous *pro se* filings. Notwithstanding Casino's inappropriate filings, the docket includes no entry reflecting that the trial court forwarded Casino's *pro se* Post-Sentence Motions to Attorney Cooper. There also is no evidence of record that the trial court complied with Rule 576(A)(4). As in **Cooper**, had

Attorney Cooper received the *pro se* filings, he could have filed counseled motions or a timely notice of appeal.

This case is further complicated by the fact that, after Casino filed his *pro se* Notice of Appeal, he waived his right to counsel following a ***Grazier*** hearing. The record is not clear as to whether Casino wished to waive counsel during the post-sentence proceedings. Nevertheless, in the absence of compliance with Rule 576(A)(4), we conclude that the trial court erred in denying, as legal *nullities*, Casino's *pro se* Post-Sentence Motions.

For this reason, we reverse the trial court's denial of Casion's Post-Sentence Motions as legal nullities, and remand for consideration of the merits of those Motions. On remand, should Casino wish to proceed *pro se* during post-sentence proceedings, the trial court is directed to conduct another ***Grazier*** hearing.

Order denying Post-Sentence Motions reversed; case remanded with instructions; Superior Court jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/29/2015</u>

- 6 -