J-S51040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LUIS ALPHONSO BIGIO, | |
| Appellant | No. 2308 EDA 2015 |

Appeal from the PCRA Order June 19, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0304021-2005

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:            **FILED AUGUST 05, 2016**

Appellant, Luis Alphonso Bigio, appeals from the order denying and dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.[1]  We affirm.

To be eligible for PCRA relief, a petitioner must plead and prove, *inter alia*, that "(1) [t]hat the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted: (i) currently

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] "The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record."  **Commonwealth v. Allen**, 48 A.3d 1283, 1285 (Pa. Super. 2012) (citations omitted).

serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S.A. § 9543(1)(i).

Here, there is no dispute that Appellant is no longer serving a sentence. (**See** PCRA Court Opinion, 11/05/15, at 2). Accordingly, Appellant is ineligible for PCRA relief and his claim is moot. **See Commonwealth v. Ahlborn**, 683 A.2d 632, 639-40 (Pa. Super. 1996), *affirmed*, 699 A.2d 718, 720 (Pa. 1997) (denial of relief for petitioner who has finished serving his sentence is required by plain language of statute).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2016