J-S60038-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ERIC SWANHART, :
:
Appellant : No. 3597 EDA 2015

Appeal from the PCRA Order November 17, 2015
in the Court of Common Pleas of Bucks County,
Criminal Division, at No(s): CP-09-CR-0001750-2012

BEFORE: SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED OCTOBER 21, 2016**

Eric Swanhart (Appellant) appeals from the November 17, 2015 order that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

As we write for the parties, we need not recite the facts underlying this case. Suffice it to say that, on December 4, 2012, a jury found Appellant guilty of the indecent assault of his stepdaughter based upon her out-of-court statements, although she later recanted those statements and did not testify to Appellant's inappropriate touching at trial. On March 14, 2013, Appellant was sentenced to six to 23 months of incarceration, followed by 24 months of probation. This Court affirmed Appellant's judgment of sentence on May 15, 2014. ***Commonwealth v. Swanhart***, 104 A.3d 49 (Pa. Super. 2014) (unpublished memorandum).

_____
*Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a counseled PCRA petition in which he claimed trial counsel was ineffective for failing to raise several objections. Following a hearing at which trial counsel addressed Appellant's claims, the PCRA court entered an order denying Appellant's petition. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents this Court with five questions:

I.    Whether the [PCRA] court erred by ruling that Appellant's trial counsel was not ineffective for failing to request an *in camera* hearing to determine the admissibility of the victim's statements, or by not disputing the admissibility of the statements at all?

II.    Whether the [PCRA] court erred by ruling that Appellant's trial counsel was not ineffective because trial counsel failed to object to hearsay testimony that was not part of the Commonwealth's tender years notice and therefore inadmissible?

III.    Whether the [PCRA] court erred by ruling that Appellant's trial counsel was not ineffective, particularly because trial counsel's stated reasons for failing to object to inadmissible hearsay evidence were insufficient?

IV.    Whether the [PCRA] court erred by ruling that Appellant's trial counsel was not ineffective because trial counsel failed to object to the Commonwealth expert vouching for the victim's credibility?

V.    Whether the [PCRA] court erred by ruling that Appellant's trial counsel was not ineffective because trial counsel failed to object to the Commonwealth's improper closing argument, to wit, the future dangerousness of Appellant?

Appellant's Brief at 4-5 (answers below, suggested answers, and unnecessary capitalization omitted).

- 2 -

We begin with consideration of the applicable law. "The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error." **Commonwealth v. Walters**, 135 A.3d 589, 591 (Pa. Super. 2016) (quoting **Commonwealth v. Allen**, 48 A.3d 1283, 1285 (Pa. Super. 2012)).

Appellant's questions all concern the effectiveness of his trial counsel. "Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness the petitioner must advance sufficient evidence to overcome this presumption." **Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) (citation omitted). To succeed on a claim of ineffective assistance of counsel, a PCRA petitioner must plead and prove: "(1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error." **Id.** (citation omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim." **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014).

Appellant first contends that trial counsel was ineffective in failing to seek an *in camera* hearing to determine the admissibility of the minor victim's out-of-court statements under 42 Pa.C.S. § 5985.1. Appellant's Brief at 13-15. That section provides, in relevant part, as follows.

An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger…, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

> (1) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either:
>
> > (i) testifies at the proceeding; or
> >
> > (ii) is unavailable as a witness.

42 Pa.C.S. § 5985.1(a).

The PCRA court determined that Appellant's claim lacked arguable merit because "the [trial c]ourt did hold an *in camera* hearing based upon stipulated evidence with regard to the statements that the Commonwealth wished to introduce under [section 5985.1], and after doing so found that the evidence would be both relevant and reliable." PCRA Court Opinion, 1/28/2016, at 11. That determination is supported by the record. *See* N.T., 11/29/2012, at 16-17.

Further, the PCRA court concluded that Appellant was not prejudiced by counsel's decision to proceed upon stipulated evidence: "The stipulated evidence used in the *in camera* hearing summarized what would have been offered had a more formal *in camera* hearing been held, and based on the stipulated evidence the [c]ourt found that the proffered testimony was

admissible as both reliable and relevant." PCRA Court Opinion, 1/28/2016, at 13. Because the result of the hearing would have been the same in either event, Appellant cannot establish prejudice. *Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013) ("To establish the third prong, *i.e.*, prejudice, the appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's action or inaction."). He is entitled to no relief on his first claim.

With his next two issues, Appellant claims that trial counsel was ineffective in not objecting to hearsay testimony that was not included in the Commonwealth's pretrial notice to introduce testimony under section 5985.1. Specifically, Appellant maintains that (1) the Commonwealth did not give the required notice as to the out-of-court statements of the victim to her friend M.H., Appellant's Brief at 16-18, and (2) trial counsel's basis for not objecting to those statements was not a reasonable basis, *id.* at 19-20.

The PCRA court determined that Appellant did not establish that he was prejudiced by counsel's failure to object. First, although the statements to M.H. were not included in the notice, trial counsel "'fully expected' [the victim's] statements to M.H. to be offered at trial, and was therefore able to prepare his case accordingly." PCRA Court Opinion, 1/28/2016, at 15 (quoting N.T., 9/18/2015, at 68). Moreover, "there was other relevant testimony at trial that was consistent with the statements [the victim] made to M.H." *Id.* (citing N.T., 11/30/2015, at 172-73 (same events reported by

the victim to Jamie Valleley of the Bucks County Children's Advocacy Center) and 184 (same events reported by the victim to Jeneen Overberger of the Bucks County Office of Children & Youth; N.T., 12/3/2015, at 27-28 (same events reported by the victim to Tinicum Township Police Officer Nicole Madden)). The PCRA court's factual findings are supported by the record.

Because Appellant did not show prejudice, his claim fails and we need not consider the merits of the claim or the reasonableness of counsel's failure to object. *Fears*, 86 A.3d at 804 (noting that, if an ineffective assistance claim falls short under any element, the court may skip ahead to that element). Thus, his second and third issues warrant no relief from this Court.

Appellant next argues that trial counsel was ineffective in not objecting to the Commonwealth's expert having vouched for the victim's credibility. Appellant indicates that Dr. John Shanken-Kaye "repeatedly" did so, offering the example of the testimony that the victim's out-of-court "'report of her molestation is much more credible and detailed than her supposed recantation….'" Appellant's Brief at 20 (quoting N.T., 12/3/2012, at 199). Appellant maintains that such testimony by Dr. Shanken-Kaye "was essentially his opinion as to the truthfulness of [the victim], which specifically violates Rule 608."[1] *Id.*

---

[1] "Opinion testimony about the witness's character for truthfulness or untruthfulness is not admissible." Pa.R.E. 608(a).

The PCRA court once again determined that Appellant failed to prove the prejudice prong of his claim. Given the totality of the evidence presented at trial, the PCRA court concluded as follows.

> In our view, the record does not support a finding that a reasonable probability of acquittal existed but for the action or omission of trial counsel. Further, we mitigated any potential threat of prejudice resulting from Dr. Shanken-Kaye's testimony, when we instructed the jury at trial:
>
>> Now, remember, you, the jurors, are the sole judges of the credibility and weight of all of the testimony. The fact that the lawyers and I have referred to certain witnesses as expert witnesses and that the witness may have special knowledge or skill does not mean that their opinions are right.

PCRA Court Opinion, 1/28/2016, at 19 (citations and quotation marks omitted).

Our review of the record supports the PCRA court's findings. The court's denial of Appellant's fourth claim is the product of neither an error of law nor an abuse of discretion. *See Commonwealth v. Flor*, 998 A.2d 606, 632 (Pa. 2010) ("The jury is presumed to have followed the court's instructions."); *Commonwealth v. Miller*, 987 A.2d 638, 654-55 (Pa. 2009) (affirming finding of no prejudice where, in light of the evidence as a whole, the particular evidence at issue "was not as critical as Appellant claims it was"). No relief is due.

Finally, Appellant contends that trial counsel rendered ineffective assistance in neglecting to object during the Commonwealth's closing

argument. By way of background, the jury had received evidence that, after Appellant was confronted with the victim's allegations, he attempted to commit suicide and, while being treated as a result, told hospital personnel that he had put his hands down his stepdaughter's pants. N.T., 11/30/2012, at 70-79. Appellant offered an expert witness to explain that mental illness and abuse by his mother made Appellant believe that any allegations of improper acts lodged against him had to be true. N.T., 12/3/2012, at 112-14. Accordingly, in his closing, Appellant's counsel argued that this explained why Appellant, although innocent, admitted to molesting the victim:

> We're all affected by our childhoods. We're all affected by our parents and our influences growing up. … [M]y mother is still in the back of my head. My father is still in the back of my head. They are still alive in me, as your parents are in you, and they influence who we are and how we respond to things. Now, that happens to all of us. Look at what happened to [Appellant]. … He had a mother who was crazy, who would scream at him. He used to go to bed at night and wrap his pillow around his head so he wouldn't hear the screaming, and she would tell him over and over and over and over again that he had done something wrong, that he was bad, that he stole this, that he took that, that he had this attachment. That is what he lived with.
>
> Now, if we're all affected by our parents, how was he affected? I will tell you how he was affected. He grew up with bipolar disorder. He's on a series of medications. He is completely incapable of confrontation. If someone tells him that they think he did something or they did something, he is immediately filled with terror. He can't confront them. The conditioning that his mother instilled in him will kick in. He's never been accused of a crime; there's nothing in the record to

show that he has, but suddenly he's accused of this horrific act and it triggered that response in him.

N.T., 12/4/2012, at 80-81.

During its closing, the Commonwealth argued the following, to which Appellant contends counsel should have objected:

> There was some argument that defense counsel made about always having a mother's voice in the back of her head. I don't dispute that could be the case.
>
> You now have the opportunity to prevent something similar for [the victim], because if you're able to bring justice, you may help prevent a lifetime of her experiencing her stepfather's hand down her pants. She's got guts. If nothing else, we can agree on that. We can agree she deserves some respect and we can agree at long last she deserves closure.

*Id.* at 98.

Appellant maintains that the Commonwealth's statements improperly asked the jury to consider Appellant's "[f]uture dangerousness" in determining guilt and suggested that "something would continue unless the jury did something." Appellant's Brief at 21. However, the PCRA court again determined that Appellant failed to establish that he was prejudiced by counsel's failure to object:

> The statements made by the Commonwealth in its closing were not so egregious as to form[] in [the jurors'] minds fixed bias and hostility towards [Appellant] which would prevent them from properly weighing the evidence and rendering a true verdict. It should also be noted that any potential for prejudice that existed due to trial counsel's inaction in regard to the Commonwealth's closing argument was mitigated by the fact that we instructed the jury that the speeches and arguments of counsel are not part of the evidence and you should not consider them as such.

Accordingly, the record fails to support a finding that Appellant was prejudiced by trial counsel's failure to object during the Commonwealth's closing argument.

PCRA Court Opinion, 1/28/2016, at 22 (citations, quotation marks, and unnecessary capitalization omitted).  We find no error or abuse of discretion in the PCRA court's analysis.  Appellant's final issue merits no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/21/2016