J-S04041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRUCE B. BUSSEY | : | |
| | : | |
| Appellant | : | No. 2443 EDA 2016 |

Appeal from the PCRA Order June 28, 2016
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0001185-1974

BEFORE:  SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 21, 2017**

Appellant Bruce B. Bussey appeals from the order of the Court of Common Pleas of Bucks County denying Appellant's second petition pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely filed.  We affirm.

In September 1974, Appellant was convicted of First-Degree Murder. After a successful appeal, Appellant was granted a new trial.  In December 1979, a jury convicted Appellant of First-Degree Murder, and on July 13, 1982, Appellant was sentenced to life in prison without parole.  On February 22, 1985, this Court affirmed Appellant's judgment of sentence and on

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

August 22, 1985, the Supreme Court denied Appellant's petition for allowance of appeal.

In March 1996, Appellant sought *habeas corpus* relief in the United States District Court, which that court denied. The United States Court of Appeals denied Appellant's request for a certificate of appealability. The United States Supreme Court denied Appellant's Petition for Writ of Certiorari.

On July 15, 2010, Appellant filed his first PCRA petition, claiming that his sentence of life imprisonment was unconstitutional under ***Graham v. Florida***, 560 U.S. 48, 82, 130 S.Ct. 2011, 2034, 176 L.Ed.2d 825 (2010), in which the United States Supreme Court held that the U.S. Constitution "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." The PCRA court denied Appellant's petition, finding ***Graham*** inapplicable to Appellant, who was twenty years old when he committed homicide. Appellant did not appeal this dismissal.

On March 28, 2016, Appellant filed the instant PCRA decision, claiming his sentence of life imprisonment was unconstitutional under ***Miller v. Alabama***, ___U.S.___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), in which the United States Supreme Court held that the U.S. Constitution prohibits the imposition of a mandatory sentence of life without parole on a juvenile offender convicted of murder. On June 6, 2016, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant filed two responses to this notice. On June 29,

2016, the PCRA court dismissed Appellant's petition and this timely appeal followed. Appellant complied with the PCRA court's direction to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Allen*, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). A PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

As noted above, the trial court sentenced Appellant on July 13, 1982. This Court affirmed Appellant's judgment of sentence on February 22, 1985,

and our Supreme Court denied Appellant's petition for allowance of appeal on August 22, 1985. Appellant did not seek a writ of *certiorari* in the Supreme Court of the United States. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S. § 9543(b)(3). As a result, Appellant's judgment of sentence became final after the 90-day period in which he was allowed to seek review in the Supreme Court of the United States. **See** U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Thus, Appellant's sentence became final on November 20, 1985. As Appellant filed the instant PCRA petition on March 28, 2016, over thirty years after his sentence became final, his petition is facially untimely.[2]

Appellant attempts to invoke the PCRA timeliness exception in Section 9545(b)(1)(iii) by citing the United States Supreme Court's decisions in **Miller** and **Montgomery v. Louisiana**, ___U.S.___, 136 S.Ct. 718, 193

---

[2] In 1995, our Legislature amended the PCRA, adding the timeliness provisions of section 9545(b). The 1995 amendments provided a grace period for petitioners whose judgments of sentence became final on or before the January 16, 1996 effective date of the amendments. However, the grace period applies only to *first* petitions filed by January 16, 1997. **See Commonwealth v. Thomas**, 718 A.2d 326, 329-30 (Pa.Super. 1998) (*en banc*). As Appellant's current petition was a second attempt at post-conviction relief and was filed more than one year after his judgment of sentence became final, this exception does not apply.

L.Ed.2d 599 (2016) (holding that the **Miller** decision should be applied retroactively on state collateral review). However, the holding in **Miller**, which prohibits mandatory life without parole sentences for juvenile offenders, is inapplicable to this case as Appellant was twenty years old when he committed the homicide for which he was convicted. Thus, Appellant has failed to plead and prove that one of the PCRA timeliness exceptions applies. As a result, the PCRA court did not err in dismissing Appellant's petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017