# COURT OF APPEALS
## DECISION
## DATED AND FILED

## December 26, 2019

Sheila T. Reiff
Clerk of Court of Appeals

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2343**

Cir. Ct. No. 1991CF1660

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

HERMAN WHITERABBIT,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Dane County: JILL KAROFSKY, Judge. *Affirmed*.

Before Fitzpatrick, P.J., Kloppenburg and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Herman Whiterabbit appeals an order denying his WIS. STAT. § 974.06 (2015-16)[1] postconviction motion. Whiterabbit contends that his trial counsel, James Ewers, was per se ineffective because following Whiterabbit's trial Ewers was disbarred for illegal conduct that occurred prior to the trial. Whiterabbit also contends that the circuit court erred by denying his ineffective assistance of counsel claim on the ground that it was procedurally barred under *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994). We reject Whiterabbit's claim that his trial counsel was per se ineffective, and we affirm on that basis. *See State v. Trecroci*, 2001 WI App 126, ¶45, 246 Wis. 2d 261, 630 N.W.2d 555 (we may affirm the circuit court's decision on other grounds than relied on by the court). Accordingly, we need not address whether the procedural bar applies.

¶2 In November 1991, Whiterabbit was charged with three counts of second-degree sexual assault, as a repeater. Attorney Ewers represented Whiterabbit at trial. A jury found Whiterabbit guilty of all counts. He was convicted on April 30, 1992 and sentenced to thirty-six years in prison.

¶3 Whiterabbit appealed, and this court affirmed the conviction in April 1995. *State v. Whiterabbit*, No. 1993AP2347-CR, unpublished slip op. (WI App April 20, 1995). In 2001, Whiterabbit moved for a new trial based on newly discovered evidence. The circuit court denied the motion, and this court affirmed the circuit court order in May 2002. *State v. Whiterabbit*, No. 2001AP2232, unpublished slip op. (WI App May 16, 2002).

---

[1] All references to the Wisconsin Statutes are to the 2015-16 version.

¶4      In September 2017, Whiterabbit filed the WIS. STAT. § 974.06 motion underlying this appeal.  He argued that Ewers was per se ineffective because, in 1995, Ewers' license to practice law was revoked for his having used, purchased, and distributed cocaine at his law office from 1985 through 1989.  Whiterabbit argued that if Ewers was unfit to practice law in 1995, he was equally unfit at the time of Whiterabbit's trial in 1992.  Whiterabbit argued that, under *United States v. Cronic*, 466 U.S. 648 (1984), he was not required to show actual prejudice to establish that he was denied the effective assistance of counsel at trial.

¶5      The circuit court held two evidentiary hearings on Whiterabbit's motion.  Whiterabbit and his prior postconviction counsel testified at the hearings.  The court found that Whiterabbit's claim of ineffective assistance of counsel was procedurally barred under *Escalona-Naranjo* because Whiterabbit had not established a sufficient reason for failing to raise it previously.  Whiterabbit appeals.

¶6      A claim of ineffective assistance of counsel generally requires a showing that counsel's performance was deficient and that the deficient performance prejudiced the defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  "Absent some effect of challenged conduct on the reliability of the trial process, the Sixth Amendment guarantee is generally not implicated." *Cronic*, 466 U.S. at 658.  In some instances, however, prejudice from counsel's deficient conduct is presumed without a required showing of the effect of the conduct on the trial.  *Id.* at 658-59.  For example, prejudice is presumed when counsel entirely fails to subject the State's case to adversarial testing or when the facts dictate that even a competent lawyer could not have provided effective assistance.  *Id.* at 659-60.  We independently review whether undisputed facts

establish ineffective assistance of counsel. *See State v. Manuel*, 2005 WI 75, ¶26, 281 Wis. 2d 554, 697 N.W.2d 811.

¶7 Whiterabbit argues that Ewers was per se ineffective under *Cronic* because the facts supporting Ewers' eventual disbarment had already occurred at the time of Whiterabbit's trial. He contends that the finding that Ewers was unfit to practice law in 1995 based on his conduct in the 1980s established that Ewers was unfit to practice law at the time of Whiterabbit's trial in 1992. In support, Whiterabbit cites *Solina v. United States*, 709 F.2d 160 (2d Cir. 1983), which found per se ineffective assistance of counsel when the person who represented the defendant at trial had never been admitted to practice law in any state. Whiterabbit points out that the *Solina* court reasoned that a person falsely purporting to be a licensed lawyer "cannot be wholly free from fear of what might happen if a vigorous defense should lead the prosecutor or the trial judge to inquire into his background and discover his lack of credentials. Yet a criminal defendant is entitled to be represented by someone free from such constraints." *Id.* at 164. He also points out that the *Solina* court explained that its finding of per se ineffective assistance was limited to "situations where, unbeknown to the defendant, his representative was not authorized to practice law in any state, and the lack of such authorization stemmed from failure to seek it or from its denial for a reason going to legal ability, such as … want of moral character." *Id.* at 167.

¶8 Whiterabbit also cites *United States v. Novak*, 903 F.2d 883 (2d Cir. 1990), which found per se ineffective assistance when defense counsel had obtained admission to the bar by fraud and was disbarred after the defendant's trial. Whiterabbit points out that the *Novak* court reasoned that Novak's defense counsel would not have been admitted to the bar absent his fraud. *Id.* at 890. Whiterabbit also points to the *Novak* court's reasoning that, as in *Solina*, there

was a danger that defense counsel would have been concerned that "a vigorous legal defense that irritated the prosecutor" would trigger an investigation into his licensure. *Id.*

¶9 Whiterabbit also cites *Commonwealth v. Allen*, 48 A.3d 1283, 1287 (Pa. Super. Ct. 2012) (quoted source omitted), for the proposition that "[c]ourts have consistently distinguished between technical licensing defects and serious violations of bar regulations reflecting an incompetence to practice law." He points to the *Allen* court's statement that "[w]here the attorney's license has been suspended or he/she has been disbarred for substantive violations, constitutional rights are violated and harm is presumed." *Id.* (quoted source omitted).

¶10 Whiterabbit contends that, as in *Solina* and *Novak*, Ewers was not free from the fear that a vigorous defense would lead the prosecutor or trial judge to inquire into his background. Whiterabbit points out that, at the time of Whiterabbit's trial in 1992, Ewers knew that he had committed felonies throughout the 1980s that were not yet discovered by the authorities. Whiterabbit also argues that, had Ewers' conduct been discovered prior to Whiterabbit's trial, Ewers would have been disbarred at that time. Whiterabbit argues that the disbarment would not have been for a technical defect, but for a lack of moral character. Whiterabbit contends that even an experienced advocate could not have

been expected to provide Whiterabbit with effective assistance under these circumstances.[2]

¶11     In response, the State argues that Whiterabbit has failed to cite any case holding that counsel is per se ineffective under the facts of this case.  The State contends that, instead, courts have refused to find per se prejudice in similar circumstances.  In support, it cites *United States v. Williams*, 934 F.2d 847, 851-52 (7th Cir. 1991), which held that prejudice was not presumed when defense counsel's license was suspended after the defendant's trial for professional misconduct that had occurred prior to trial.  The State points out that the *Williams* court refused to find per se prejudice because defense counsel had a valid law license at the time of trial.  *Id.* at 852.  The State also cites *Bellamy v. Cogdell*, 974 F.2d 302, 303-07 (2d Cir. 1992), which held that defense counsel was not per se ineffective when counsel was subject to disciplinary proceedings stemming from counsel's ill health prior to and during the defendant's trial, and counsel's license was suspended after the trial.  The State points out that the *Bellamy* court distinguished *Novak* and *Solina* on grounds that, in *Bellamy*, counsel had validly obtained a license to practice law and then committed misconduct that led to the eventual loss of his law license after the defendant's trial.  *Id.* at 307.  The State contends that the same is true here:  Ewers validly obtained a law license, but lost his license after Whiterabbit's trial based on prior misconduct.  The State also

---

[2] In his reply brief, Whiterabbit asserts that the per se ineffective assistance of counsel claim was not fully developed in the circuit court because the circuit court applied the procedural bar rather than reaching the merits of the claim.  He argues that, if this court does not rely on the procedural bar, we should remand for further proceedings on the ineffective assistance of counsel claim or order additional briefing on that issue.  We are not persuaded that remand or further briefing is necessary for us to decide the merits of Whiterabbit's per se ineffective assistance of counsel claim.

argues that nothing in *Allen* or *Cronic* supports Whiterabbit's claim of per se prejudice under the facts of this case.

¶12 We conclude that Whiterabbit has not established that his trial counsel was per se ineffective. Ewers' criminal conduct in the 1980s, which had apparently concluded and was undetected at the time of his representation of Whiterabbit in 1992, does not establish that Ewers would not have been able to provide a vigorous defense out of fear of an investigation into his licensure. Unlike the purported counsel in *Solina* and *Novak*, Ewers validly obtained a law license and still had a valid law license at the time of Whiterabbit's trial. Here, as in *Williams* and *Bellamy*, the fact that Ewers engaged in misconduct prior to his representation of Whiterabbit, which caused Ewers to lose his license after trial, does not establish that counsel was not functioning as the counsel guaranteed by the Sixth Amendment at Whiterabbit's trial. Because trial counsel was not per se ineffective, and Whiterabbit made no allegation and developed no argument in his postconviction motion that he was actually prejudiced by any deficient performance by counsel at trial, his claim of ineffective assistance of counsel fails on the merits. The circuit court therefore properly denied the postconviction motion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.