J-S14033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT MILLER, | |
| Appellant | No. 650 MDA 2015 |

Appeal from the PCRA Order March 12, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001555-2011

BEFORE: FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED FEBRUARY 19, 2016**

Appellant Robert Miller appeals from the order of the Honorable David Lupas of the Court of Common Pleas of Luzerne County dismissing as untimely filed Appellant's petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. PCRA appellate counsel has filed a petition to withdraw and a no-merit letter pursuant to ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988). We grant counsel's petition to withdraw and affirm the order dismissing Appellant's PCRA petition.

On April 24, 2012, Appellant pled guilty to aggravated assault (causing serious bodily injury) under 18 Pa.C.S.A. § 2702(a)(1). On July 20, 2012, the trial court imposed a standard range sentence of four to eight years imprisonment, noting that the deadly weapon enhancement applied. ***See*** 204 Pa.Code § 303.10(a). Appellant did not file a direct appeal.

*Former Justice specially assigned to the Superior Court.

Over two years later, on August 19, 2014, Appellant filed the instant PCRA petition. The PCRA court dismissed Appellant's petition as untimely filed, finding Appellant failed to plead and prove that one of the PCRA timeliness exceptions was applicable. After Appellant filed an appeal to this Court, the PCRA court appointed Matthew Kelly, Esq. to represent Appellant on collateral appeal. Atty. Kelly subsequently filed a "no-merit" letter and a petition to withdraw his representation. Appellant did not respond to Atty. Kelly's petition.

Appellant raises the following issues for our review:

I.    Whether trial counsel was ineffective in failing to share Appellant's discovery with him prior to pleading guilty.

II.   Whether the sentencing enhancement provision applied by the trial court is unconstitutional pursuant to Alleyne v. U.S [___U.S.___, 133 S.Ct. 2151 (U.S. 2013)]

III.  Whether the PCRA petition was filed timely pursuant to 42 Pa.C.S.A. Section 9545 et seq.

Counsel's "no-merit" brief, at 1 (verbatim).

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Allen***, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

Before we proceed to review the merits of Appellant's PCRA petition, we must determine whether counsel has satisfied certain procedural requirements to withdraw his representation:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under **Turner**, **supra** and **Finley**, **supra** and ... must review the case zealously. **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner**/**Finley**, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa.Super. 2012) (*quoting* **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007)).

After reviewing the record and counsel's petition to withdraw, we find that PCRA appellate counsel complied with the requirements of **Turner** and **Finley**, **supra**. In his "no-merit" letter, PCRA appellate counsel detailed the nature and extent of his review, listed each issue which Appellant raised in his *pro se* petition, and thoroughly explained why he believed Appellant's claim was frivolous and untimely filed. Moreover, PCRA appellate counsel indicated that after his own independent review of the record, he could not

- 3 -

identify any meritorious issues that he could raise on Appellant's behalf to plead and prove that one of the PCRA timeliness exceptions applied. Counsel also attached proof that he sent Appellant notice of his petition to withdraw and instructed him he had the right to retain counsel or proceed *pro se*. As counsel complied with the **Turner-Finley** requirements to withdraw his representation, we must now determine whether the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. ***Leggett***, 16 A.3d at 1146 (citing 42 Pa.C.S.A. § 9545(b)(2)).

In this case, the trial court imposed Appellant's sentence on July 20, 2012. As Appellant did not file a direct appeal, his sentence became final on August 20, 2012. As Appellant filed his PCRA petition on August 19, 2014, nearly two years after his sentence became final, his petition is facially untimely.

Appellant suggests that he meets the timeliness exception at Section 9545(b)(1)(iii) based on his argument that the U.S. Supreme Court's decision in **Alleyne** announced a new constitutional right that applies retroactively. In **Alleyne**, the Supreme Court emphasized that "[a]ny fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt." **Id.** at 2155. However, this Court has rejected similar collateral attacks as neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that **Alleyne** must be applied retroactively to cases in which the judgment of sentence became final. **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa.Super. 2014) (noting that "[t]his Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases").[1] Accordingly, as Appellant

---

[1] Even assuming *arguendo* that **Alleyne** should be applied retroactively, Appellant's argument challenging the application of the deadly weapon enhancement is not controlled by **Alleyne**, which requires facts that increase mandatory minimum sentences to be submitted to a jury and proven beyond
*(Footnote Continued Next Page)*

has not proven that a PCRA timeliness exception is applicable, the PCRA court did not err in dismissing his petition as untimely filed.

Petition to withdraw granted.  Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016

*(Footnote Continued)* ———————————

a reasonable doubt.  This Court has found that **Alleyne** is inapplicable to sentencing enhancements which "only direct a sentencing court to consider a different range of **potential** minimum sentences, while preserving a trial court's discretion to fashion an individual sentence" and "do not compel a trial court … to impose a sentence higher than the court believes is warranted." **Commonwealth v. Ali**, 112 A.3d 1210, 1226 (Pa.Super. 2015), *appeal granted in part*, No. 454 MAL 2015, 2015 WL 7763727 (Pa. Dec. 2, 2015).