J-S23025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN E. MINNICK | |
| Appellant | No. 2516 EDA 2015 |

Appeal from the PCRA Order July 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009788-2008

BEFORE:  PANELLA, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED MAY 19, 2016**

John E. Minnick appeals *pro se* from the order entered July 30, 2015, in the Court of Common Pleas of Philadelphia County, that dismissed, as untimely, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541–9546.  Minnick contends the PCRA court erred "by calculating the 60 day time period [provided in 42 Pa.C.S. § 9545(b)(2)] from the date [Minnick] learned of the new witness instead of the date [Minnick] received the affidavit supporting the PCRA petition[.]" Minnick's Brief at 5.  Based on the following, we affirm.

The PCRA court summarized the facts and procedural history of this case as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

Defendant, John E. Minnick was tried before this Court and a jury in the early fall of 2009 and at the conclusion of the trial the jury found defendant guilty of third-degree murder and certain weapons offenses. These charges arose out of an incident that occurred on January 20, 2008, during which [Minnick] and an accomplice fired numerous shots at Eduardo Tubens killing him. Two witnesses identified [Minnick] as one of the persons firing guns the night of the incident. On April 8, 2010, [Minnick] received an aggregate sentence of twenty to forty years' incarceration. [Minnick] later appealed and on July 22, 2011, the Superior Court affirmed the judgment of sentence. *Commonwealth v. Minnick*, 32 A.3d 279 (Pa. Super. 2011) .[1] [Minnick] thereafter sought re-argument before the Superior Court. That request was denied. [Minnick] did not file a petition for allowance of appeal.

On October 24, 2011, [Minnick] filed a *pro se* petition pursuant to the Post-Conviction Act, (PCRA) 42 Pa.C.S. § 9541 et seq. Counsel was appointed to represent [Minnick]. However, on July 9, 2012, [Minnick] was granted permission to represent himself following a hearing pursuant to *Commonwealth v. Grazier*,

---

[1] In Minnick's direct appeal, this Court rejected, *inter alia*, Minnick's sufficiency challenge, stating:

In the instant case, even assuming the accuracy of Minnick's claim that he did not fire any of the shots that resulted in the victim's death, the evidence is sufficient to sustain the third-degree murder conviction. Minnick does not dispute that the evidence, when viewed in the light most favorable to the Commonwealth as the verdict winner, established that he shot at the victim on the night in question. *See* Brief for Appellant at 8 (acknowledging that the police statements of Gomez and Roman established that Minnick had shot at the victim); *id.* at 10 (stating that Minnick had used a .40 caliber handgun). The evidence also showed that there were multiple shooters. Accordingly, even if Minnick did not fire any of the shots that struck the victim, there was ample evidence for the jury to find Minnick guilty of murder as an accomplice.

*Commonwealth v. Minnick*, 32 A.3d 279 (Pa. Super. 2011) (unpublished memorandum, at 4–5).

- 2 -

713 A.2d 81 (Pa. 1998), with respect to his PCRA petition. On March 18, 2013, after [Minnick] was sent a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, this Court denied [Minnick] PCRA relief without a hearing. [Minnick] thereafter filed a notice of appeal. On March 14, 2014, the Superior Court affirmed this Court's order denying defendant post-conviction collateral relief. (950 EDA 2013) [**Commonwealth v. Minnick**, 103 A.3d 307 (Pa. Super. 2014)]. [Minnick] did not file a petition for allowance of appeal.

On July 14, 2014, [Minnick] filed a second PCRA petition. Following this Court's review of the petition and the service upon [Minnick] of a Pa.R.Crim.P. 907 Notice of Intent to Dismiss, this Court denied [Minnick's] request for collateral relief on July 30, 2015, without a hearing after concluding that [Minnick's] most recent PCRA petition had been untimely filed.

PCRA Court Opinion, 8/24/2015, at 1–3 (footnotes omitted).   This appeal followed.[2]

The principles that guide our review are well settled:

The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Allen**, 2012 PA Super 144, 48 A.3d 1283, 1285 (Pa. Super. 2012) (citations omitted).

****

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." **Commonwealth v. Leggett**, 2011 PA Super 40, 16 A.3d 1144, 1145 (Pa. Super. 2011) (citations

---

[2] The PCRA court did not order Minnick to file a Pa.R.A.P. 1925(b) statement.

omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claimfirst could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S. § 9545(b)(2)).

*Commonwealth v. Walters*, ___ A.3d ___, ___ [2016 PA Super 42, 2016 Pa. Super. LEXIS 114] (Pa. Super. February 19, 2016).

Here, there is no dispute that Minnick's petition, filed on July 14, 2014 is facially untimely. This Court affirmed the judgment of sentence on July 22, 2011, and Minnick's judgment of sentence became final on Monday, August 22, 2011, when the 30-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired.[3] **See** Pa.R.A.P. 903. Thereafter, Minnick had one year, until August 22, 2012, to file a PCRA petition, and this petition — his second — was filed nearly two years after the PCRA's time limit. Consequently, there is no jurisdiction to review Minnick's petition unless on the PCRA's statutory exceptions to the time bar applies.

_____

[3] Since the thirtieth day from July 22, 2011 was a Sunday, the following day, Monday, August 22, 2011, was the final day of the appeal period. **See** 1 Pa.C.S. § 1908 ("Computation of time").

- 4 -

Minnick relies on Section 9545(b)(1)(ii), which provides an exception to the PCRA's one-year time bar when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii). Minnick maintains he has satisfied the requirement of Section 9545(b)(2) by filing his petition "within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

In his present PCRA petition, Minnick alleged:

On April 13, 2014, [Minnick] was on a visit at … [State Correctional Institution] – Rockview and learned there was a witness who saw [Minnick] inside the bar when the [2008] shooting occurred outside. On June 16, 2014 the witness signed a notorized affidavit which [Minnick] received on June 30, 2014 and the instant petition was filed.

Minnick's PCRA Petition, 7/14/2014, at 3. Minnick attached the affidavit to his petition. The affidavit states, in part,

**I, Margarita Maladonado, state the below to be true and correct:**

On January 20, 2008, I attended an after hour bar named Jazzo. As I was leaving [the] bar, I heard popping sounds like fire crackers and people were running and I realized it was gun shots. I went back inside the bar and a few minutes later they sent us out a different exit to get out of the bar. …

…

[O]n April 13, 2014, I went to visit a friend at a state prison, which John Minnick was also receiving a visit. During this visit I learned for the first time that [Minnick] was incarcerated for that shooting that occurred down at the bar. …

… I told [Minnick] that before I lef[t] the bar the first time I seen him in the bar before I left and I heard the gun shots after that. ….

[Minnick] asked me if I would be willing to tell the court what I told him today and I told him I would because he could not have been out there shooting because I seen him before I went out the door the first time.

I will be available to testify at any court hearing in this matter to the same.

Affidavit, 6/16/2014, at 1 (bold in original).[4]

On June 26, 2015, the PCRA court issued notice of intent to dismiss the petition, pursuant to Pennsylvania Rule of Criminal Procedure 907. The PCRA court determined the petition was untimely for two reasons. Specifically, the PCRA court explained to Minnick:

In attempt to satisfy the PCRA's timeliness exception, you presented an affidavit from a purported alibi witness named Margarita Maladonado. Although you acknowledge section 42 Pa.C.S. § 9545(b)[(1)](ii), you made no attempt to explain why the information contained in M[s]. Maladonado's affidavit could not, with the exercise of due diligence, have been obtained earlier. Your complete silence on the issue of due diligence was found insufficient to satisfy your burden of proof under section 9545(b)(1)(ii).

You also failed to prove that you raised your after-discovered evidence claim within sixty days of the date the new facts were first discovered pursuant to 42 Pa.C.S.A. § 9545(b)(2). According to your petition as well as M[s]. Maladonado's affidavit, you were informed of the exculpatory information on April 13, 2014. Your petition, filed on July 14, 2014, fell outside the sixty-day window. Thus, your petition fails to prove an

_____

[4] The affiant's signature at the end of the affidavit is "Margarita Maldonado," a different spelling from the surname appearing in the affidavit.

- 6 -

exception to the timeliness provision specified in section 9545(b). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed.

PCRA Court's Notice Pursuant to [Pa.R.Crim.P.] 907, 6/26/2015.

Thereafter, on July 16, 2015, Minnick filed a response to the PCRA court's notice and, on July 30, 2015, the PCRA court dismissed Minnick's petition. In its opinion authored in support of its decision, the trial court reasoned that the petition was untimely because Minnick failed to satisfy the 60-day requirement of Section 9545(b)(2) by filing his petition on July 14, 2014, which was more than 90 days after April 13, 2014, when he spoke to the newly discovered witness. *See* PCRA Court Opinion, 8/24/2015. Based on our review, we discern no basis upon which to disturb the decision of the PCRA court.

The Pennsylvania Supreme Court has previously described a petitioner's burden under the newly-discovered evidence exception as follows.

> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence*." 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (emphasis in original). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have

learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." ***Commonwealth v. Williams***, 35 A.3d 44, 53 (Pa. Super. 2011) (citation omitted), *appeal denied*, 50 A.3d 121 (Pa. 2012). Additionally,

> [t]he statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit … runs from the date the petitioner first learned of the alleged after discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty (60) days thereafter.

***Id.*** (some citations omitted).

Minnick maintains that the PCRA court erred in dismissing his petition because he satisfied Section 9545(b)(2)'s 60-day requirement by filing his petition within 60 days of the date he received the witness's affidavit. ***See*** Minnick's Brief at 9. However, even accepting this argument *arguendo*, we find Minnick has not demonstrated that he exercised due diligence as required by Section 9545(b)(1)(ii). Here, Minnick offers no explanation in his PCRA petition or response to the PCRA court's Rule 907 notice as to why he could not have obtained the information contained in Ms. Maladonado's affidavit at an earlier date. Minnick only addresses the due diligence requirement in his response to the Rule 907 notice, where he simply states:

> [A] defendant can not exercise due diligence for something he is unaware to exercise such diligence for. Ms. Maladonado never knew that [Minnick] was connected to the shooting that occurred on January 20, 2008. In fact, Ms. Maladonada [sic] thought [Minnick] was incarcerated for a parole violation and she had no

idea he was charged with a murder. Furthermore, Ms. Maladonado never knew that someone had died that night and she did not know wny [sic] further information regarding that matter until April 13, 2014. Thus, there was no reason for [Minnick] to seek this information previously before this date. Therefore, [Minnick] could not have obtained this information contained in the affidavit with the exercise of diligence because there was nothing to exercise diligence for prior to April 13, 2014.

Minnick's Response to [PCRA] Court's Notice of Intent to Dismiss PCRA Petition and Further Clarification, 7/16/2015, at 2.

The fact that Ms. Maladonado did not reveal information about the shooting to Minnick until April 14, 2014, does not relieve Minnick from his burden to prove he exercised due diligence. Significantly, Minnick's response does not explain any efforts that he or trial counsel made prior to April 14, 2014, to locate favorable witnesses, nor does he explain why he could not have located Ms. Maladonado sooner.[5] Consequently, we agree with the PCRA court's rationale set forth in the Rule 907 notice, that because Minnick has failed to demonstrate that he exercised due diligence in attempting to find the new witness his petition does not satisfy Section 9545(b)(1)(ii). Therefore, even without considering the 60-day requirement of Section 9545(b)(2), Minnick's petition is untimely. Accordingly, we affirm.

_____

[5] According to Ms. Maladonado's affidavit, Minnick was inside the bar at the time of the shooting, and he would have known this fact. However, Minnick's PCRA petition and response to the Rule 907 notice provide no explanation regarding attempts to find anyone also in the bar who could attest to his presence there.

Order affirmed.[6]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016

---

[6] Although the PCRA court's opinion only discusses the Section 9545(b)(2) 60-day requirement as the basis for its decision to dismiss Minnick's petition, we may affirm the PCRA court on any grounds. **See Commonwealth v. Brown**, 111 A.3d 171, 179 (Pa. Super. 2015).