J-S42036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RODNEY CHARLES SMITH | |
| Appellant | No. 1704 WDA 2015 |

Appeal from the PCRA Order October 12, 2015
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0002106-2008

BEFORE: SHOGAN, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 12, 2016**

*Pro se* Appellant, Rodney Charles Smith, appeals from the order of the Erie County Court of Common Pleas dismissing his third Post Conviction Relief Act[1] ("PCRA") petition as untimely. Appellant argues that he was denied the effective assistance of trial and PCRA counsel and that the trial judge should have recused himself. We affirm.

The PCRA court summarizes the facts and procedural history as follows:

> Between October 20, 2007 and May 2, 2008, [Appellant] repeatedly sexually assaulted his five-year-old biological daughter. In March of 2009, [Appellant] pled guilty to rape of a child, involuntary deviate sexual intercourse, endangering the welfare of children, and corruption of minors. On July 14, 2009, [Appellant] was sentenced to an aggregate term of 15 to 40 years'

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

imprisonment. [Appellant] did not file a post-sentence motion or a direct appeal.

[Appellant] filed his first PCRA petition on [August 10, 2010]. Following an evidentiary hearing, this Court dismissed the petition on May 13, 2011. [Appellant] appealed, and on January 23, 2012, the Pennsylvania Superior Court affirmed this Court's order dismissing the petition. [Appellant] filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on July 17, 2012.

[Appellant] filed his second petition on [December 5, 2012], which this Court dismissed as untimely on September 3, 2013. [Appellant] appealed, and on February 6, 2015, the Superior [C]ourt quashed as untimely.

The instant *pro se* PCRA petition, filed on [August 24, 2015], is [Appellant]'s third attempt at collateral review.

Trial Ct. Op., 9/18/15, at 1-2.[2]

The PCRA court issued a Pa.R.Crim.P. 907 notice, to which Appellant did not respond. On October 12, 2015, the trial court dismissed Appellant's petition. Appellant appealed on October 20, 2015, and timely filed a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court filed its Rule 1925(a) decision on November 24, 2015.

Appellant raises the following issues:

---

[2] The dates of the PCRA petition filing were changed to reflect the prisoner mailbox rule. **See Commonwealth v. Allen**, 48 A.3d 1283, 1284 n.2 (Pa. Super. 2012) (holding that the prisoner mailbox rule considers the date a PCRA petition is filed as the date it is given to prison officials for mailing).

1) Whether [t]rial [c]ounsel failed in his understanding of [l]aw as per a SVP hearing by for [s]entencing and let the Appellant be sentenced as a SVP without a Hearing.

2) Was there a misunderstanding on the Defendant/Appellant's PCRA. When the PCRA [c]ounsel [s]tated on the [r]ecord that [Appellant] did not file for [i]neffectiveness of [c]ounsel on his 1st [sic] PCRA. When Attorney Sloane [s]tated that [Appellant] did not put this on his PCRA. Appellant did file for [i]neffectiveness of [c]ounsel. PCRA [c]ounsel failed to apply this to [t]he PCRA.

3) After a number of tries the Appellant filed a PCRA for Relief and the trial [c]ourt stated they were untimely. Was this a way to 'Burn Up' the Appellate's [sic] time?

Appellant's Brief at 2-3 (emphases omitted).

Before addressing the substantive arguments of Appellant's claims, we must first determine whether we have jurisdiction over the PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999).

Our standard of review is as follows:

In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. . . . [T]his Court reviews the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted). Moreover, arguments within an appellant's brief must include citations to pertinent authorities. Pa.R.A.P. 2119(a), (b). A failure to cite legal authority in support of an argument results in a waiver of the issue. *Commonwealth v. B.D.G.*, 959 A.2d 362, 371 (Pa. Super. 2008).

- 3 -

A timely PCRA petition "must normally be filed within one year of the date the judgment becomes final . . . unless one of the exceptions in § 9545(b)(1)(i)-(iii) applies and the petition is filed within 60 days of the date the claim could have been presented." *Commonwealth v. Copenhefer*, 941 A.2d 646, 648 (Pa. 2007) (internal citations and footnote omitted). Section 9545(b)(1) of the PCRA states that second and subsequent petitions must also be filed within one year of the date the judgment becomes final. 42 Pa.C.S. § 9545(b)(1).

The three exceptions to the timeliness requirement are interference by government officials, after-discovered or newly discovered evidence, and a recently recognized constitutional right that applies retroactively. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Defense counsel is not considered a government official. 42 Pa.C.S. § 9545(b)(4). A claim of ineffective assistance of counsel generally does not fulfill the governmental interference exception. *Commonwealth v. Yarris*, 731 A.2d 581, 587 (Pa. 1999). Similarly, an allegation of ineffective assistance of defense counsel does not invoke the after-discovered evidence exception. *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785-86 (Pa. 2000). The defendant in *Gamboa-Taylor* argued that his trial and PCRA counsel were ineffective and claimed the after-discovered evidence exception. *Id.* at 784-85. The Supreme Court of Pennsylvania, however, explained that ineffective counsel is not included in the after-discovered evidence exception because counsel's ineffectiveness is

not a previously unknown fact encompassed by the exception. *Id.* at 785-86.

Instantly, we review whether the PCRA court erred in dismissing Appellant's third PCRA petition as untimely. *See* 42 Pa.C.S. § 9545 (b)(1). Appellant was sentenced on July 14, 2009, to which he did not file a direct appeal. His judgment of sentence became final on August 13, 2009. Appellant therefore had until August 13, 2010 to file a timely PCRA petition. Appellant's third and current PCRA petition was filed on August 24, 2015, six years after his judgment of sentence became final. We must determine whether the PCRA court erred in holding that Appellant did not plead and prove one of the timeliness exceptions.

Appellant argues that the trial and PCRA counsel were ineffective,[3] and that the trial judge should have recused himself. Appellant's Brief at 5, 7. To the extent that these arguments can be construed as invoking the after-discovered evidence or interference by government official exceptions to the timeliness requirement, they lack merit. The defendant in *Gamboa-Taylor* similarly argued that his trial and PCRA counsel's ineffectiveness constituted after-discovered evidence, but the court explicitly stated that a claim of ineffective counsel is not newly discovered evidence. *Gamboa-Taylor*, 753 A.2d at 785. Therefore, Appellant's ineffective counsel claim does not

_____

[3] Appellant also raised ineffectiveness of counsel in his second PCRA petition, which was dismissed as untimely. Trial Ct. Op., 3/20/13, at 2-3.

- 5 -

invoke the after-discovered evidence exception. Similarly, because defense counsel is not a government official, **see** 42 Pa.C.S. § 9545(b)(4), Appellant failed to properly invoke the interference by government official exception. Finally, because Appellant failed to provide any authority to support a claim of judicial bias as falling within any of the timeliness requirements, he has waived this issue. **See B.D.G.**, 959 A.2d at 371.

Accordingly, we agree with the PCRA court that Appellant has not properly pleaded and proved any of the timeliness exceptions, and thus his third PCRA petition is untimely. **See** 42 Pa.C.S. § 9545 (b)(1)(i)-(iii); **Copenhefer**, 941 A.2d at 648. Therefore, the PCRA court correctly dismissed Appellant's PCRA petition as untimely, and we affirm the order below. **See Miller**, 102 A.3d at 992.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2016