J-S67033-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PATRICK S. BRODERICK | |
| Appellant | No. 1378 EDA 2016 |

Appeal from the PCRA Order March 28, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003888-2007

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED SEPTEMBER 20, 2016**

Appellant Patrick Broderick files this *pro se* appeal from the order of the Honorable John Capuzzi of the Court of Common Pleas of Delaware County dismissing Appellant's third petition pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely filed.  We affirm.

In March 2008, Appellant was convicted at a bench trial of involuntary deviate sexual intercourse (IDSI), burglary, and criminal conspiracy.[2]  On August 25, 2008, Appellant was sentenced to an aggregate term of six to twelve years imprisonment followed by five years probation.  Upon appeal, this Court affirmed Appellant's judgment of sentence on July 9, 2009.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3123(a)(1), 3502(a), 903(a), respectively.

*Former Justice specially assigned to the Superior Court.

On April 19, 2010, Appellant filed his first PCRA petition. While counsel was appointed to assist Appellant, appointed counsel filed a no-merit letter alleging that the appeal was frivolous. The PCRA court dismissed Appellant's petition and allowed counsel to withdraw. This Court affirmed the dismissal of the petition and our Supreme Court denied Appellant's petition for allowance of appeal. On March 27, 2015, Appellant filed a "Petition for Writ of Habeas Corpus Ad Subjictiendum," which was subsequently denied. This Court affirmed the dismissal, deeming the filing to be an untimely second PCRA petition.

On February 22, 2016, Appellant filed the instant *pro se* PCRA petition. The PCRA court notified Appellant of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On March 28, 2016, the PCRA court entered an order dismissing Appellant's petition. This appeal followed.

As an initial matter, we must determine whether this appeal was timely filed. Our rules of appellate procedure require that a notice of appeal be filed within thirty days after the entry of the order from which the appeal is taken. Pa.R.A.P. 903(a). An order shall be considered officially entered the day the clerk of court mails or delivers copies of the order to the parties. **See** Pa.R.A.P. 108(a)(1). As the PCRA court's order was sent to Appellant by first class mail on March 30, 2016, Appellant's notice of appeal had to be filed by Friday, April 29, 2016.

Appellant, who is incarcerated, dated his *pro se* notice of appeal April 7, 2016. The Court of Common Pleas of Delaware County docket indicates

that the notice of appeal was filed on May 2, 2016. However, upon further review of the record, we note that the notice of appeal is stamped "REC'D APR 15 2016." We note that the prisoner mailbox rule provides that the *pro se* appeal of an incarcerated appellant is "deemed 'filed' on the date that the appellant deposits the appeal with prison authorities and/or places it in the prison mailbox." *Commonwealth v. Jones*, 549 Pa. 58, 63, 700 A.2d 423, 426 (1997) (citing *Smith v. Pennsylvania Board of Probation and Parole*, 546 Pa. 115, 117, 683 A.2d 278, 279 (1996)). In this case, given that that Appellant's notice of appeal was time-stamped received on April 15, 2016, we deem Appellant's notice of appeal timely filed.

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Allen*, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner

meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on August 25, 2008. This Court affirmed Appellant's judgment of sentence on July 9, 2009. Appellant did not seek review in the Supreme Court. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S. § 9543(b)(3). As a result, Appellant's judgment of sentence became final after the 30-day period in which he was allowed to seek review in our Supreme Court. *See* Pa.R.A.P. 1113(a) (stating that "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed"). Thus, Appellant's sentence became final on Monday, August 10, 2009. As Appellant filed his third PCRA petition on February 22, 2016, over six years after his sentence became final, his petition is facially untimely.

Appellant claims that his *pro se* petition meets the newly recognized constitutional right timeliness exception, citing the rule announced in **Alleyne v. U.S.**, ___U.S.___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), prohibiting certain mandatory minimum sentences. However, as **Alleyne** was filed on June 17, 2013, the trial court correctly noted that Appellant was required to file a PCRA petition within 60 days of the date the claim could have been presented. **See Leggett**, *supra*. Moreover, we also point out that our Supreme Court has recently held that *Alleyne* does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, ___Pa.___, 37 EAP 2015, 2016 WL 3909088, at *8 (Pa. filed July 19, 2016). Accordingly, we conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2016