J-S81035-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RUSSELL WESLEY MOSS | |
| Appellant | No. 1582 EDA 2016 |

Appeal from the PCRA Order May 9, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0002091-2002

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED NOVEMBER 23, 2016**

Appellant Russell Moss appeals from the order of the Court of Common Pleas of Delaware County denying his fourth petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm the PCRA court's order.

In July 2003, Appellant entered open guilty pleas to third-degree murder and solicitation to commit murder in connection with the 1983 shooting of Ellen Lewis.  Appellant admitted to hiring Rodney Griffin to kill Ms. Lewis, who was cooperating with Philadelphia police in their investigation of a unrelated bank fraud scheme in which Lewis and Appellant had been

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

involved. Griffin was initially convicted of first-degree murder of Ellen Lewis and sentenced to death. In exchange for his testimony against Appellant, Griffin was removed from death row and allowed to serve a life sentence. On September 23, 2003, the trial court sentenced Appellant to eight to twenty years imprisonment on the murder charge and a concurrent term of five to ten years imprisonment on the solicitation charge. This Court affirmed the judgment of sentence on February 28, 2005.

Appellant filed his initial PCRA petition, which the lower court dismissed on December 28, 2006. This Court affirmed the dismissal on October 11, 2007. Appellant filed his second PCRA petition on July 21, 2014, which was dismissed as untimely filed. On November 17, 2015, this Court affirmed the dismissal of his second PCRA petition. While his second PCRA petition was pending, Appellant filed his third PCRA petition on April 20, 2015, which the court dismissed without prejudice on April 27, 2015. This Court affirmed the dismissal of Appellant's third petition, citing **Commonwealth v. Lark**, 560 Pa. 487, 493, 746 A.2d 585, 588 (2000), which indicates that a subsequent PCRA petition cannot be filed until the resolution of the review of a previous PCRA petition or the expiration of the time for seeking such review.

On November 25, 2015, Appellant filed his fourth PCRA petition arguing that he had "after-discovered evidence" that Rodney Griffin had agreed to testify against Appellant only after the prosecution promised Griffin that they would remove him from death row and allow him to serve a

sentence of life imprisonment. Appellant claimed that he first learned of Griffin's arrangement with the prosecution from his cellmate, Dante Ruffin on March 19, 2015. In addition to this claim, Appellant argued that his sentence was illegal as the trial court imposed a sentence in excess of the mandatory minimum sentence, even after the Commonwealth agreed to waive the application of the mandatory minimum. Moreover, in the case that the lower court found Appellant ineligible for relief under the PCRA, Appellant suggested that his claims could be construed as a petition for writ of *habeas corpus*.

On April 7, 2016, the PCRA court issued notice of its intent to dismiss Appellant's petition, which it deemed untimely filed, without a hearing pursuant to Pa.R.Crim.P. 907. On April 27, 2016, Appellant submitted his response to the notice of intent to dismiss. On May 9, 2016, the PCRA court dismissed Appellant's petition. This timely appeal followed. Appellant complied with the PCRA court's direction to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Allen**, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on September 23, 2003. This Court affirmed Appellant's judgment of sentence on February 28, 2005. Appellant did not seek review in our Supreme Court. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S. § 9543(b)(3). As a result, Appellant's judgment of sentence became final after the 30-day period in which he was allowed to seek review in our Supreme Court. *See* Pa.R.A.P. 1113(a) (stating that "a

petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed"). Thus, Appellant's sentence became final on March 30, 2005. As Appellant filed his fourth PCRA petition on November 25, 2015, over ten years after his sentence became final, his petition is facially untimely.

To the extent that Appellant claims that his petition falls under the newly discovered fact PCRA timeliness exception, his argument fails. Appellant now concedes that the agreement between Griffin and the Commonwealth was disclosed to Appellant in a written document at Appellant's arraignment on September 5, 2002. Appellant did not recall that he also included a copy of this document in his direct appeal brief to this Court. Thus, Appellant has not pled and proven that one of the timeliness exceptions to the PCRA applies. As a result, we have no jurisdiction to review his untimely claims under the PCRA.

Moreover, we reject Appellant's attempt to escape the PCRA's time bar by claiming he is entitled to characterize his filing as a petition for writ of *habeas corpus*. Appellant's remaining claim challenging the trial court's authority to sentence him to a term exceeding the mandatory minimum, which the Commonwealth waived, raises a challenge to the legality of sentence, a claim which is cognizable under the PCRA. "Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." **Commonwealth v. Taylor**,

65 A.3d 462, 466 (Pa.Super. 2013). **See** 42 Pa.C.S. § 9542 ("This subchapter provides for an action by which persons … serving illegal sentences may obtain collateral relief"). It is well-established that the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies … including habeas corpus and coram nobis." **Commonwealth v. Descardes**, --- Pa.---, 136 A.3d 493, 497–98 (2016) (citing 42 Pa.C.S. § 9542). Accordingly, we decline to review his claim and conclude that the PCRA court correctly dismissed Appellant's PCRA petition as untimely filed.

Order affirmed. Appellant's application to file a supplemental brief is granted.[2]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2016

---

[2] Appellant requested to file a supplemental brief to further explain why this Court should find him eligible for *habeas* relief, arguing that his claim implicates the discretionary aspects of sentence. Even assuming *arguendo* that Appellant had raised a challenge to the trial court's discretion, he fails to acknowledge that such issues, while not cognizable under the PCRA, must be preserved and raised on direct appeal.