J-S86008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| DANTE COCHISE CARTER | : | |
| | : | |
| Appellant | : | No. 1964 WDA 2015 |

Appeal from the PCRA Order November 10, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005907-1997,
CP-02-CR-0006285-1997

BEFORE:  GANTMAN, P.J., MOULTON, J., STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:          **FILED DECEMBER 22, 2016**

Appellant Dante Cochise Carter appeals from the order of the Court of Common Pleas of Allegheny County denying Appellant's *pro se* "Petition for Redress of Grievances," which it deemed an untimely petition pursuant to the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm the PCRA court's order.

In October 1997, Appellant was convicted of First-Degree Murder, Attempted Homicide, Aggravated Assault, Firearms Not to be Carried Without a License, and Recklessly Endangering Another Person.  On December 15, 1997, the trial court sentenced Appellant to a mandatory life sentence for the First-Degree Murder conviction, five to ten years

_____

[1] 42 Pa.C.S. §§ 9541-9546.

*Former Justice specially assigned to the Superior Court.

imprisonment on the Aggravated Assault conviction, and one to three years imprisonment on the firearms conviction. This Court affirmed the judgment of sentence on April 9, 1999 and our Supreme Court denied Appellant's petition for allowance of appeal on July 29, 1999.

On October 20, 2000, Appellant filed his initial *pro se* PCRA petition and attempted to amend the petition nearly two years later in June 2002. On July 16, 2002, the PCRA court denied Appellant's petition to amend and dismissed the PCRA petition. Appellant filed a notice of appeal only addressing his motion to amend. On September 11, 2002, this Court quashed the appeal as interlocutory.

On November 22, 2002, Appellant filed a second PCRA petition assisted by counsel, seeking the reinstatement of his collateral appellate rights as to the dismissal of his PCRA petition. On January 31, 2003, the PCRA court reinstated Appellant's collateral appellate rights. On May 21, 2004, this Court remanded the case to determine whether Appellant's petition was timely filed. On September 30, 2004, the PCRA court issued an order finding Appellant had filed an untimely pe tition. On January 31, 2006, this Court affirmed the dismissal of Appellant's PCRA petition. On July 6, 2006, our Supreme Court denied Appellant's petition for allowance of appeal.

On January 19, 2012, Appellant filed the instant *pro se* "Petition for Redress of Grievances." The lower court appointed Scott A. Westcott, Esq. to represent Appellant. After learning that Atty. Westcott did not assist

Appellant in filing an amended petition, the lower court appointed Patrick K. Nightingale, Esq. as Appellant's counsel on January 20, 2015. Atty. Nightingale filed a petition to withdraw on February 17, 2015, alleging that Appellant's petition had no merit. On February 23, 2015, the lower court permitted Atty. Nightingale to withdraw and notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. On April 26, 2015, Appellant filed a *pro se* response to the Rule 907 notice.

In an order entered on November 10, 2015, the lower court denied Appellant's petition, deeming it an untimely PCRA petition. This timely appeal followed.[2] Appellant complied with the PCRA court's direction to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

As an initial matter, we review the lower court's decision to characterize Appellant's filing as a PCRA petition. As a general rule, the PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies … including habeas corpus and coram nobis." ***Commonwealth v. Descardes***, ---Pa.---, 136 A.3d 493, 497–98 (2016) (citing 42 Pa.C.S. § 9542). Unless the PCRA cannot provide

---

[2] Appellant filed a *pro se* notice of appeal that was docketed as filed December 11, 2016. However, the record shows that Appellant's notice of appeal was mailed from prison in an envelope post-marked December 8, 2016. We thus conclude that this appeal is timely filed. ***Commonwealth v. Whitehawk***, 146 A.3d 266, 268 (Pa.Super. 2016) (providing that that "under the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing").

the petitioner a potential remedy, the PCRA subsumes the writ of habeas corpus. ***Commonwealth v. Fahy***, 558 Pa. 313, 331-32, 737 A.2d 214, 223-24 (1999).

In his lengthy *pro se* "Petition for Redress of Grievances," Appellant sets forth hundreds of disjointed citations without providing any context to show why this authority applies to his case. His numerous arguments do not clearly set forth any claim for relief. In his final page of the petition, Appellant baldly asserts that he "is the aggrieved party and that he was imprisoned without probable cause, and without cause of action by an authority of law of competent jurisdiction." Petition for Redress of Grievances, at 40. He also attempted to amend his petition to assert that he had newly discovered evidence that eyewitnesses Maurice Lindsay and Morris Taylor had recanted their accounts of the relevant crimes.

Appellant is eligible for PCRA relief pursuant to the requirements set forth in Section 9543(a)(1) in that he has been convicted of a crime under the laws of Pennsylvania and is currently serving the sentence imposed on those convictions. 42 Pa.C.S. § 9543(a)(1). Moreover, his claims regarding the trial court's jurisdiction and newly discovered exculpatory evidence are cognizable issues under the PCRA. ***See*** 42 Pa.C.S. § 9543(a)(2)(viii) (the tribunal conducting proceeding lacked jurisdiction); § 9543(a)(2)(vi) ("[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced"). As appellant is eligible for PCRA relief and

- 4 -

his claims are cognizable under the Act, his petition is subsumed by the PCRA and its statutory time-bar.

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Allen*, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

It is well-established that "the PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed." *Commonwealth v. Leggett*, 16 A.3d 1144, 1145 (Pa.Super. 2011) (citations omitted). Generally, a PCRA petition must be filed within one year of the date the judgment of sentence becomes final unless the petitioner meets his burden to plead and prove one of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i)-(iii), which include: (1) the petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts or evidence that would have supported a claim; or (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the

date the claim first could have been presented. *Leggett*, 16 A.3d at 1146 (citing 42 Pa.C.S. § 9545(b)(2)).

As noted above, the trial court sentenced Appellant on December 15, 1997. This Court affirmed Appellant's judgment of sentence on April 9, 1999 and our Supreme Court denied Appellant's petition for allowance of appeal on July 29, 1999. Appellant did not seek a writ of *certiorari* in the Supreme Court of the United States. Section 9545(b)(3) of the PCRA provides that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review. 42 Pa.C.S. § 9543(b)(3). As a result, Appellant's judgment of sentence became final after the 90-day period in which he was allowed to seek review in the Supreme Court of the United States. *See* U.S. Sup.Ct. R. 13(1) (stating "a petition for a writ of *certiorari* to review a judgment in any case ... is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment"). Thus, Appellant's sentence became final on October 27, 1999. As Appellant filed the instant PCRA petition on January 19, 2012, over twelve years after his sentence became final, his petition is facially untimely.

To the extent that Appellant claims that his petition falls under the newly discovered fact PCRA timeliness exception, his argument fails. Appellant seeks to present the alleged "recantation" testimony of Maurice Lindsay and Morris Taylor. However, Appellant's alleged new evidence that these men did not see Appellant fire a weapon on the day in question is entirely consistent with their trial testimony. Moreover, it is uncertain how

this evidence would be exculpatory as Appellant testified in his own behalf that he had shot the victim in self-defense. As Appellant failed to plead and prove an applicable exception to the PCRA time-bar, we conclude that the PCRA court properly dismissed Appellant's petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016