J-S23039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                    :           PENNSYLVANIA
                                    :
            v.                             :
                                    :
                                    :
JUAN C. SOSA                        :
                                    :
            Appellant            :     No. 2280 EDA 2017

Appeal from the PCRA Order June 23, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006214-2012

BEFORE:   SHOGAN, J., NICHOLS, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:           **FILED MAY 15, 2018**

Appellant Juan C. Sosa files this *pro se* appeal from the order of the Court of Common Pleas of Philadelphia County denying Appellant's petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. After careful review, we affirm.

On September 23, 2013, a jury convicted Appellant of robbery, conspiracy, robbery of a motor vehicle, receiving stolen property, possessing an instrument of crime, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and possessing a firearm with an obliterated serial number.

On December 9, 2013, the trial court sentenced Appellant to four to eight years' imprisonment for the robbery conviction, four to eight years' imprisonment for the conspiracy conviction, three to six years' imprisonment for robbery of a motor vehicle, and one to two years' imprisonment for

_____

*   Former Justice specially assigned to the Superior Court.

carrying a firearm without a license. No further penalty was imposed on the remaining convictions. As the sentences were set to run consecutively, Appellant received an aggregate sentence of twelve to twenty-four years' imprisonment. On September 28, 2015, this Court affirmed the judgment of sentence. Appellant chose not to file a petition for allowance of appeal in the Supreme Court.

On August 1, 2016, Appellant filed a *pro se* PCRA petition.[1] The lower court appointed counsel, who subsequently filed a petition to withdraw and a no-merit letter pursuant to ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988). On June 23, 2017, the PCRA court dismissed the petition without a hearing and allowed counsel to withdraw. Appellant filed this *pro se* appeal and complied with the lower court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In his appellate brief, Appellant lists three issues for our review:

1) As applied, is 42 Pa.C.S.A. § 9543 unconstitutional?

2) Have the Petitioner's Rights been violated under the Pennsylvania Constitution?

3) Have the Petitioner's Rights been violated under the United States Constitution?

Appellant's Brief, at 12.

---

[1] Appellant's petition was timely filed. Generally, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1).

When reviewing the denial of a PCRA petition, we are guided by the following standard:

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Allen***, 48 A.3d 1283, 1285 (Pa.Super. 2012) (citations omitted).

As an initial matter, we note the following:

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Commonwealth v. Maris***, 427 Pa.Super. 566, 629 A.2d 1014, 1017 n. 1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. ***Id***. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. ***Id.***; Pa.R.A.P. 2101.

***Commonwealth v. Freeland***, 106 A.3d 768, 776–77 (Pa.Super. 2014) (quoting ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa.Super. 2003)).

Appellant's *pro se* brief does not comply with our rules of appellate procedure. Although Appellant's brief contains three issues in the questions involved section, his argument is undivided, rambling, and substantially incoherent. Pa.R.A.P. 2119 ("[t]he argument shall be divided into as many parts as there are questions to be argued … followed by such discussion and citation of authorities as are deemed pertinent"). Nonetheless, we will review the argument Appellant appears to address in his defective brief.

- 3 -

Appellant appears to argue that he was denied the opportunity to challenge the legality of his sentence pursuant to ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151 (2013) (holding that any fact that increases the mandatory minimum sentence is an element of the crime and must be submitted to the jury and found beyond a reasonable doubt).

However, Appellant's claim is clearly meritless as he was not sentenced to a mandatory minimum sentence. As noted above, Appellant was sentenced to consecutive terms of four to eight years' imprisonment for the robbery conviction, four to eight years' imprisonment for the conspiracy conviction, three to six years' imprisonment for robbery of a motor vehicle, and one to two years' imprisonment for carrying a firearm without a license. No further penalty was imposed on Appellant's remaining convictions. There is no support in the record for Appellant's claim that he received a mandatory term of imprisonment pursuant to 42 Pa.C.S. 9712.1 (Sentences for certain drug offenses committed with firearms). As a result, Appellant has not shown he is entitled to collateral relief.

Accordingly, we affirm the lower court's decision to deny Appellant's PCRA petition.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/18