J-S42003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | IN THE SUPERIOR COURT OF |
| : | PENNSYLVANIA |
| : | |
| v. : | |
| : | |
| : | |
| : | |
| ROBERT POLZER : | |
| : | |
| Appellant : | No. 298 WDA 2015 |
| : | |

Appeal from the PCRA Order December 15, 2014
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0013546-2008

BEFORE:   SHOGAN, J., OTT, J., and FITZGERALD*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 29, 2018**

This case returns to us following remand from our Supreme Court

directing that we reconsider Appellant's appeal concerning the application of

the Sexual Offender Registration and Notification Act ("SORNA I"), 42 Pa.C.S.

§§ 9799.10-9799.41,[1] in light of the decision in ***Commonwealth v. Muniz***,

164 A.3d 1189 (Pa. 2017) (Opinion Announcing the Judgment of the Court),[2]

*cert. denied. sub nom.* ***Pennsylvania v. Muniz***, 138 S.Ct. 925 (2018).

_____

[1] Amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately
effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately
effective.  42 Pa.C.S. §§ 9799.51-9799.75 ("SORNA II").

[2] Portions of a plurality opinion announcing the judgment of the court have
precedential value insofar as they are joined by the concurring opinion.
***Commonwealth v. Brown***, 23 A.3d 544, 556 (Pa. Super. 2011).  In ***Muniz***,

_____
*   Former Justice specially assigned to the Superior Court.

In this appeal, Appellant, Robert Polzer, appeals from the order entered on December 15, 2014, that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After review, we are constrained to reverse the order of the PCRA court and reinstate the registration requirements imposed at the time of sentencing.

The relevant facts and procedural history of this matter were set forth in our prior memorandum, and we need not restate them here. The salient points for purposes of our analysis are that Appellant was convicted of rape[3] and false imprisonment for acts he committed on August 20, 2008. On March 2, 2011, the trial court sentenced Appellant to an aggregate term of ten and one-half to twenty-one years of incarceration. Appellant was not designated a sexually violent predator, and he was required to comply with

_____

the opinion announcing the judgment of the court concluded that the retroactive application of SORNA I violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. In his concurring opinion, Justice Wecht, who was joined by Justice Todd, concluded that the retroactive application of SORNA I violates the Pennsylvania Constitution, but Justice Wecht declined to consider whether the retroactive application violates the United States Constitution. **Muniz**, 164 A.3d at 1224 n.2 (Wecht, J., concurring). Thus, the precedential value of **Muniz** is limited to the determination that retroactive application of SORNA I violates the *ex post facto* prohibition of the Pennsylvania Constitution.

[3] Rape was subsequently categorized as a Tier III offense under SORNA I. 42 Pa.C.S. § 9799.14.

the registration mandates set forth in Megan's Law III,[4] requiring a person convicted of rape, who was not deemed a sexually violent predator, to register and report for the duration of his life. 42 Pa.C.S. § 9795.1(b). Therefore, Appellant was required to report once annually to the Pennsylvania State Police to verify his address and other personal information. 42 Pa.C.S. § 9796(b).

Appellant filed a direct appeal to this Court, and after review, we affirmed Appellant's judgment of sentence. *Commonwealth v. Polzer*, 575 WDA 2011, 87 A.3d 386 (Pa. Super. filed September 18, 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the

---

[4] We note that the original version of Megan's Law, Megan's Law I, was enacted on October 24, 1995 (P.L. 1079 Spec. Sess. No. 1, as amended 42 Pa.C.S. §§ 9791-9799.6), and became effective in 180 days. Megan's Law II was enacted on May 10, 2000, in response to Megan's Law I being ruled unconstitutional in *Commonwealth v. Williams*, 733 A.2d 593 (Pa. 1999). Subsequently, our Supreme Court held that although Megan's Law II was constitutional, the penalty provisions were unconstitutional, but severable, in *Commonwealth v. Gomer Williams*, 832 A.2d 962 (Pa. 2003). The legislature responded by enacting Megan's Law III on November 24, 2004. Later, in an effort to align Pennsylvania with the federal notification requirements enumerated in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, the legislature enacted SORNA I on December 20, 2011, and SORNA I went into effect on December 20, 2012. Megan's Law III was ultimately struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. *Commonwealth v. Neiman*, 84 A.3d 603, 616 (Pa. 2013).

Pennsylvania Supreme Court. Accordingly, his judgment of sentence became final thirty days later on October 18, 2013.[5]

On August 13, 2014, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel on September 3, 2014. On October 24, 2014, PCRA counsel filed a **Turner**/**Finley**[6] no-merit letter and a motion to withdraw as counsel. On November 18, 2014, the PCRA court granted counsel's motion to withdraw and notified Appellant of its intention to dismiss his PCRA petition. The PCRA court denied Appellant's PCRA petition on December 15, 2014.

When Appellant first appealed the denial of his PCRA petition to this Court, we concluded that his appeal was timely. **Commonwealth v. Polzer**, 298 WDA 2015 (Pa. Super. filed June 22, 2016) (unpublished memorandum). In that prior appeal, Appellant raised the following issues:

A.    Did the PCRA Court err in its decision dismissing Appellant's PCRA petition without a hearing where:

    I.    The trial court erred in excluding statements of an unavailable declarant as an exception to the hearsay rule?; and on

    II.    Whether the trial court erred on its defense motion sequestration order that allowed the

---

[5] 42 Pa.C.S. § 9545(b)(1) and (3).

[6] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements for counsel to withdraw from representation in a collateral proceeding under the PCRA).

lead case detective to conform her testimony to that of the complainant?;

III.    Whether trial counsel was ineffective in failing to cross-examine Detective Campbell concerning her prior inconsistent statements?;

IV.    Whether trial counsel was ineffective in failing to secure an available witness who was willing to testify on Appellant's behalf?;

V.    Whether the sentencing court imposed an illegal sentence in violation of the Ex Post Facto Clause by invoking the "two strikes" mandatory minimum sentencing provision of 42 Pa.C.S.A. § 9714(a)(1), where the repeal of subsections (b) and (c) made the statute more harsh and punitive, subjecting Appellant to a greater punishment that took away the discretionary aspects of sentencing contrary to legislatures intent of Section 9714?;

VI.    Whether the sentencing court imposed an illegal sentence, as to whether the mandatory minimum sentence provisions under Section 9714 (a)(1) constitute an illegal sentence pursuant to the United States Supreme Court's decision in Alleyne?;

VII.    Whether the sentencing court imposed an illegal sentence in violation of the Sixth Amendment to the U.S. Const. by invoking the mandatory minimum sentencing provision of Section 9714, where such determination was not found by a jury and proved beyond a reasonable doubt ?;

VIII.    Whether Section 9714 imposes new legal burdens of past transaction or occurrence and changes the punishment for the predicate offense in violation of the Fourteenth and Sixth Amendments?;

IX.    Whether [SORNA I's] registration and verification requirements under 42 Pa.C.S.A.

§ 9799.15(e)(3) violate the due process clause of the Fourteenth Amendment, and the prohibition of the Ex Post Facto Clause to the U.S. Constitution, where Appellant has not been designated a sexually violent predator to warrant quarterly verification?

Appellant's Brief at 8-9 (verbatim). Following our review, we affirmed the PCRA court's denial of relief. *Polzer*, 298 WDA 2015 (unpublished memorandum).

Appellant filed a timely petition for allowance of appeal in the Supreme Court of Pennsylvania on July 18, 2016. On February 23, 2018, our Supreme Court granted Appellant's petition for allowance of appeal limited to one issue, which the Supreme Court reproduced verbatim from Appellant's petition for allowance of appeal:

Whether the appellate Superior Court erred in its findings and conclusions, and the PCRA court committed legal error in denying Petitioner's claim that the Sex Offender Registration and Notification Act (SORNA [I]) under 42 Pa.C.S.A. §9799, i.e., §§9799.15(e) and (e)(3) violate the due process clause of the Fifth and the Fourteenth Amendments to the United States Constitution, and the due process rights under the Pennsylvania Constitution, Art. 1, §1, and Art. 1, §9, and, therefore, violate the prohibition of the Ex Post Facto Clauses to the United States Constitution, Art. 1, §10, Clause 1, and the Pennsylvania Constitution, Art. 1, §17, where Petitioner is clearly not designated as a Sexually Violent Predator (SVP) to justify and warrant such progressively rigid conditions and "quarterly in-person" reporting requirements previously subject only to those deemed an SVP, whereas, SORNA [I's] irrebuttable presumption that all sexual offenders pose a high risk of reoffending violates procedural and substantive due process under the Pennsylvania Constitution, and as such, SORNA [I]'s Internet notification provision and quarterly verification requirements constitute an ex post facto law under the Pennsylvania Constitution?

Order, 457 WAL 2016. The Supreme Court vacated this Court's order and remanded to this Court for reconsideration in light of *Muniz*. The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal in all other respects.

On March 23, 2018, we remanded this matter to the PCRA court for the appointment of counsel. The PCRA court appointed counsel, and counsel dutifully filed a brief on Appellant's behalf. The Allegheny County District Attorney's Office filed a responsive brief on behalf of the Commonwealth, and the Pennsylvania Office of the Attorney General and Pennsylvania State Police filed a brief as intervenors. This matter is now ripe for disposition.

Our standard of review for an order denying PCRA relief is limited to determining whether the record supports the PCRA court's determination and whether that decision is free of legal error. *Commonwealth v. Allen*, 48 A.3d 1283, 1285 (Pa. Super. 2012) (citation omitted). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*.

Pursuant to our Supreme Court's mandate, we address the application of SORNA I following the *Muniz* decision. As noted, on December 20, 2011, Pennsylvania enacted SORNA I, which became effective one year later, on December 20, 2012. Thus, Appellant's crimes, sentencing, and imposition of sex-offender registration requirements occurred prior to SORNA I's enactment.

In **Muniz**, our Supreme Court concluded that SORNA I altered the registration requirements for Tier III offenses, which includes rape, and these alterations increased the reporting obligation from annual in-person[7] reporting to quarterly in-person reporting. **Muniz**, 164 A.3d at 1210-1211, (citing 42 Pa.C.S. § 9799.15(e)(3)). SORNA I also allowed for more of a defendant's private information to be displayed online. **Muniz**, 164 A.3d at 1216 (citation omitted). The **Muniz** Court determined that retroactive application of SORNA I's registration provisions violates the *ex post facto clause* of the Pennsylvania Constitution. **Muniz**, 164 A.3d at 1223.

Moreover, this Court held that **Muniz** applies retroactively to cases, such as this one, which were pending on collateral appeal following the filing of a timely PCRA petition, at the time **Muniz** was decided. **See Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017) ("The **Muniz** decision should be retroactively applied in state collateral courts to comply with the United States and Pennsylvania Constitutions."); **compare Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018) (distinguishing **Rivera-Figueroa** and declining to apply **Muniz** where the petitioner files an untimely PCRA petition).

However, during the pendency of this appeal, SORNA II was enacted, and it abrogated SORNA I. Accordingly, SORNA I has no applicability, and we

---

[7] 42 Pa.C.S. § 9796(b).

are therefore constrained to reverse the order of the PCRA court which applied SORNA I. ***Commonwealth v. Fernandez***, \_\_\_A.3d\_\_\_, \_\_\_, 2018 PA Super 245, 2018 WL 4237535, at \*9 (Pa. Super. 2018).[8]  Thus, Appellant's registration requirements remain as they were at the time of sentencing. ***Id.*** Appellant's registration requirements will not be altered unless and until the Pennsylvania State Police reclassify Appellant under SORNA II.[9] ***Id.***

Order reversed.

Judge Ott concurs in the result.

Justice Fitzgerald did not participate in the consideration or decision of this case.

---

[8] The Commonwealth and Intervenors make a compelling argument that this issue is moot in light of SORNA II.  Commonwealth's Brief at 62; Brief for Pennsylvania Attorney General and State Police as Intervenors at 14. However, because this Court in ***Fernandez*** did not conclude the issue was moot and addressed the sentences imposed, we are bound to follow that precedent. ***Commonwealth v. Pepe***, 897 A.2d 463, 465 (Pa. Super. 2006).

[9] The ramifications of SORNA II are not before this Court presently, and we offer no opinion on the impact of SORNA II.  ***See Fernandez***, 2018 WL 4237535, at \*9 ("[T]he issue of the possible retroactive application of [SORNA II] is not before us.  The only issue raised by Appellants, and argued to the Court, was whether the reclassification under SORNA I, as applied . . . was lawful.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2018